CHARLES G. LORING & another *vs.* CITY OF BOSTON.

Under the Rev. Sts. *c.* 24, § 55, a petition for a jury to assess damages for land taken to widen a street in Boston must be filed within a year after the vote of the mayor and aldermen for laying out the street.

The *St.* of 1857, *c.* 133, does not revive a claim for damages for land taken to widen the street, which was barred by limitation of time before its passage.

A location of a street, once made by the mayor and aldermen of Boston, cannot be waived by them except by a legal discontinuance.

PETITION filed in the court of common pleas on the 15th of April 1854, for a jury to assess damages occasioned by taking, to widen Atkinson Street in Boston, land leased to Samuel Sanford, of whose estate the petitioners were assignees in insolvency.

At the trial in the superior court of Suffolk at March term 1856, there was evidence of the following facts : On the 15th of December 1851, the mayor and aldermen of Boston resolved " that the safety and convenience of the inhabitants of this city require that Atkinson Street should be widened, and for that purpose it is necessary to take and lay out as a public street or way of the said city a parcel of land," described by metes and bounds, and as belonging to Sanford and others, and including the land described in this petition ; and " therefore ordered that the land described be and the same hereby is taken and laid out as a public street or way of the said city ; " and on the same day gave notice to the owners, tenants and occupants of the land taken to remove all buildings and obstructions thereon. Nothing further was done, and the land continued to be fenced in by Sanford until June 1853, when he gave notice to the mayor and aldermen of his intention to build upon it, and they passed an order of notice, a copy of which was served on Sanford, declaring their intention to widen the street and to take the land in question for that purpose, and fixing a day for hearing any objections thereto. On that day the board passed a vote, reciting that the land proposed to be taken to widen Atkinson Street had been taken by a previous board, and laid the subject on the table. In November 1853, Sanford presented to the board a petition for compensation, and they, on the 29th of December

1853 passed a resolve and order similar to that passed in December 1851, a copy of which was served on Sanford. No compensation was ever paid to him.

Upon these facts *Nelson,* C. J. refused to allow the jury to view the premises, ruled that the petition had not been filed within the time prescribed by law, and directed a verdict for the respondents. The petitioners alleged exceptions.

*J. D. Ball,* for the petitioners.

*J. P. Healy,* (City Solicitor,) for the respondents.

BIGELOW, J. The claim for damages in this case is clearly barred. The statute requires that a petition for the assessment of damages occasioned by laying out a street in the city of Boston shall be filed at any term of the court held within one year from the laying out of the way, and not afterwards. Rev. Sts. *c.* 24, § 55. The phraseology of this section is the same with the subsequent one in the same chapter, § 76, relating to the application to the county commissioners for the assessment of damages occasioned by laying out a town way. It has been expressly decided, that under this provision a petition was filed too late, if it was after the expiration of one year from the vote by which the road or way was laid out. *Russell* v. *New Bedford,* 5 Gray, 31.

Nor can there be any doubt that it is the adjudication of the mayor and aldermen that common convenience and necessity require land to be taken, and directing that a way or street shall be laid out over the same, which constitutes the laying out from which the period of limitation is to be reckoned. It is this act which creates the public right or easement over the land. The claim of the landowner to his damages then accrues. The city would be estopped by the vote laying out the street to deny that it was established, or that the right to ask for damages therefor was complete. The land becomes appropriated to the public use by the vote or adjudication which declares that a street is laid over it, and the right of the owner to the exclusive use and occupation of it then ceases. *Brown* v. *Lowell,* 8 Met. 178. *Commonwealth* v. *Boston,* 16 Pick. 446. *Hallock* v. *County of Franklin,* 2 Met. 559, 560.

The provision contained in the *St.* of 1847, *c.* 259, § 4, has no application to this case, it being in terms confined to town ways and private ways laid out or altered by selectmen of towns. *Harding* v. *Medway*, 10 Met. 465.

Nor can the petitioner rely on the *St.* of 1857, *c.* 133, as extending the time within which a party may apply for the assessment of his damages. That statute was passed long after those proceedings were had, and cannot be construed to be retroactive.

It was suggested in behalf of the petitioners that there was evidence in the case from which a jury might infer that the first laying out of the way in 1851 was waived by the city. But after a way has been once duly laid out, it continues to be such until discontinued according to law. *Harrington* v. *County Commissioners*, 22 Pick. 263. *Exceptions overruled*