IRA GERRY *vs.* INHABITANTS OF STONEHAM.

Under Rev. Sts. *c.* 7, § 27, the omission to assess upon the polls one sixth part of the state tax renders the whole assessment illegal.

A vote by the inhabitants of a town to appropriate money to celebrate the Fourth of July, and to raise for town expenses a sum which includes such appropriation, renders an assessment illegal which is based thereon; and a plaintiff is not estopped from maintaining an action to recover back money paid for a tax so assessed by proof that, after the vote thus to appropriate money, he, as selectman, presented to the town an estimate of the probable town expenses for the year, which included that sum.

The *St.* of 1859, *c.* 118, § 4, which provides that " whenever, by any erroneous or illegal assessment or apportionment of taxation, any party is assessed more or less than his due and legal proportion, such tax and assessment shall be void only to the extent of the illegal excess of taxation, whenever such exists; and no party shall recover in any suit or process based upon such error or illegality greater damages than the amount of such excess," does not apply to an action pending at the time of its passage.

CONTRACT to recover back moneys paid for taxes assessed upon the plaintiff, as a resident of Stoneham, for the years 1856, 1857 and 1858.

At the trial in the superior court it appeared, that in the years 1856 and 1857 one sixth of the state tax in that town was not assessed upon the polls; and that, at the annual town meeting in March 1858, the plaintiff was chosen as one of the selectmen of the town, and it was voted that the selectmen should also be the assessors; and the plaintiff was sworn, with the others, as selectman and assessor. At the same meeting the selectmen were requested to present to the town, at an adjourned meeting, an estimate of the probable expenses of the town for the year, and the meeting was adjourned to the first Monday of April. A warrant was also issued afterwards for another and distinct town meeting on the first Monday of April, and contained an article to see if the town would appropriate the sum of $100 to celebrate the national Independence, and under this article that

sum was appropriated accordingly. After this meeting was dissolved, the adjourned meeting was held, and the plaintiff, in behalf of the selectmen, presented an estimate of the probable expenses of the town for the year, amounting to $7900, which included the sum of $100 for the celebration of the national Independence; but he was unable to testify whether this item was particularly mentioned to the town; and there was no other evidence upon this subject. The town voted to raise the sum so presented by the selectmen. At the same meeting two additional selectmen were chosen, and were sworn both as selectmen and assessors; and the plaintiff, and one of those chosen at the meeting in March, resigned their offices, and the other three acted alone for the remainder of the year, and assessed the taxes.

Upon these facts *Rockwell*, J., directed a verdict for the plaintiff for the full amount of the taxes paid, and the defendants alleged exceptions.

*J. G. Abbott & J. P. Converse*, for the defendants.

*A. V. Lynde*, for the plaintiff.

DEWEY, J. The objection to the validity of the taxes assessed upon the plaintiff for the years 1856 and 1857, that one sixth of the state and highway taxes were not assessed upon the polls, must be sustained, and taken to be fully decided by this court in the case of *Goodrich* v. *Lunenburg*, 9 Gray, . The assessments being shown to be illegal assessments, any enforcement of the collection thereof against the will of the plaintiff would create a liability on the part of the defendants to the plaintiff in an action brought to recover back the same. In this aspect of the case, a recovery by the plaintiff must necessarily follow unless it is to be controlled by the *St.* of 1859, c. 118. That question will be considered hereafter.

The next immediate subject of inquiry is as to the tax of 1858. This assessment is said to be illegal, because in the sum voted by the town to be raised the sum of $100 was included, to defray expenses in celebrating the day of our national Independence. Such an expenditure, however laudable as the act of individuals when appropriating their private funds, is not em-

braced within the range of subjects for which towns may raise money by assessment of taxes upon their inhabitants. *Hood* v. *Mayor & Aldermen of Lynn, ante,* 103. It is however object-ed to this ground of recovery in the present action, that there is not sufficient evidence that the town raised money for any such purpose.

It appears that the $7900 were raised at a meeting held on the first Monday of April, by adjournment from the March meeting, and that on the same day, but previously to the vote raising the annual tax, a special meeting had been held under a warrant containing an article " to see if the town would appro-priate the sum of $100 to celebrate the national Independence," under which the town voted to appropriate that sum for the pur-pose named. At the adjourned meeting, held immediately after this last vote, the plaintiff, in behalf of the selectmen, reported to the town an estimate of the probable expenses of the town for the then ensuing year, which sum embraced the sum of $100 for the celebration of the national Independence; and this sum thus stated, of $7900, as the probable expenses of the town, was then voted to be raised.

Two objections are urged against giving effect to this: 1. It is said that the plaintiff is unable to testify whether this item was stated to the town as one of the items of the $7900; and there is no other direct evidence as to that fact. But the mate-rial question is, was it in fact included in the $7900 voted to be raised? Whether every one of the inhabitants of the town understood the entire details of the tax voted, cannot affect the right of the tax-payer to question the legality of the raising of the money. If this sum was in fact included in the details of the sum proposed to be raised, and the town chose to waive particular inquiries and adopt the report as a whole, it would be no less the act of the town in raising the money; and if a por-tion of the expenditures included sums for expenses not within the legitimate authority of the town, they would be no less illegal.

The second objection urged, that the plaintiff was one of the board of selectmen who reported the sum of $7900, including the said $100, as a proper sum to be raised by the town, does

not constitute a legal objection or estoppel to his right to question the legality of the raising of the money. He may have done it solely ministerially, as an officer of the town, required, as the selectmen were by a vote of the town, to present an estimate of the sums necessary to be raised, and that estimate might be properly based upon the appropriation made by the town, although he personally did not concur therein.

But it is urged, on the part of the defendants, that the plaintiff can in any event, by reason of the illegality of the taxes assessed for 1856, 1857 and 1858, recover no greater damages than to the extent of the illegal excess of taxation. This limitation is supposed to result from the provisions of *St.* 1859, *c.* 118. The further question is, whether this statute can be legally applied to the present action ?

The first section clearly has no application to this case. It includes only cases where the tax has not been paid, or, having been paid to the collector, has been recovered back because of an error or irregularity in assessing the same. But the facts here present neither of those cases. The second and third sections are also inapplicable.

The question arises wholly upon the fourth section, which is as follows : " Whenever, by any erroneous or illegal assessment or apportionment of taxation, any party is assessed more or less than his due and legal proportion, such tax and assessment shall be void only to the extent of the illegal excess of taxation, whenever such exists, and no party shall recover, in any suit or process based upon such error or illegality, greater damages than the amount of such excess." The causes of action in the present case arose, and the suit was instituted, before the enactment of this statute.

This brings us to the grave question of the application of this statute as affecting the rights of the plaintiff to maintain his action already commenced, and for the enforcement of legal rights that were unquestionable at the time he instituted his suit.

We may take it for granted that no general principle is better established than that no statute ought to have a retrospective operation. Bac. Ab. Statute, C. In the absence of any con-

trary provisions, all laws are to commence in future and operate prospectively, and the presumption is that all laws are prospective and not retrospective.

In *Dash* v. *Van Kleeck*, 7 Johns. 502, Chief Justice Kent says, " The very essence of a new law is a rule for future cases. The construction contended for on the part of the defendant would make the statute operate unjustly. It would make it defeat a suit already commenced upon a right already vested. Nothing could be more alarming than such a subversion of principle. A statute ought never to receive such a construction if it be sus‧ ceptible of any other."

This case differs from that class of cases where the question arises as to the constitutionality of a law, where it in direct terms is made applicable to past cases, and the intent of the legislature is palpable on the face of the statute, and the question is not one of construction but of authority. The question here is not as to the power of the legislature by direct and unequivocal legislation to have made enactments applicable to this case, where the cause of action had accrued and a suit was actually pending before the passage of the act, which might have materially affected the right to maintain the same, but it is simply whether, dealing with this statute in reference to well settled principles as to retrospective laws, the court may not reasonably infer that no intent existed on the part of the legislature to interfere with actions already pending. We find nothing in the terms of the act necessarily applying the same retrospectively, but that, on the contrary, full effect may be given to all its language by holding it prospective.

Upon general principles, we are therefore to presume this stat‧ ute to be prospective in its character, and, there being nothing found in the language of the act to control that presumption or to indicate that it was to operate retrospectively so as to defeat suits already commenced, we cannot give the effect to it that is contended for on the part of the defendants.

The result is, therefore, that the plaintiff's right to recover the entire sum thus paid on an illegal assessment is not defeated by the *St.* of 1859, *c.* 118.          *Exceptions overruled.*