THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY
v. M. M. CORSER AND WM. POWELL.

CASE-MADE, *When Invalid.* Where an action is tried before a district judge, and time given to make a case, which time expires before the expiration of the term of office of the judge, and no time is fixed by the judge for settling or signing the case, the judge, after the expiration of his term of office, has no authority to settle and sign such case-made. (*Taylor v. Mason*, 28 Kas. 381.)

| | |
|---|---|
| 31 | 705 |
| 51 | 784 |
| 53 | 273 |
| 31 | 705 |
| 57 | 194 |
| 31 | 705 |
| 67 | 129 |
| 31 | 705 |
| 68 | 516 |
| 31 | 705 |
| 73 | 239 |

*Error from Montgomery District Court.*

ACTION by *Corser* and another against *The Railway Company,* to recover damages for the destruction by fire of twenty-four tons of hay, twenty-five acres of corn and eleven apple trees, belonging to plaintiffs. Judgment for plaintiffs for $178, September 21, 1882. The defendant brings the case here. The facts are stated in the opinion.

*John O'Day,* and *S. S. Kirkpatrick,* for plaintiff in error.
*J. D. McCue,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 25th day of February, 1881, the defendants in error commenced this action before a justice of the peace in Montgomery county by filing with the justice a bill of particulars. Judgment was rendered by the justice in their favor. The railway company took the case to the district court of Montgomery county on appeal. Trial had at the September term of the court for 1882. The jury returned a verdict for the defendants in error for the sum of $178. Judgment was rendered thereon. The railway company has attempted to bring the proceedings here in a case-made, and the sufficiency of this case-made is challenged by the defendants in error. The judgment was entered September 21, 1882, and forty days from that date were given to the company in which to make and serve a case for this court. The defendants in error were allowed twenty days after the

45 — 31 KAS.

service of the case to suggest amendments. On the 26th day of October, 1882, the time for making and serving the case was extended by the judge at chambers to November 25, 1882, and the defendants in error were allowed twenty days after the service of the case to suggest their amendments. On November 25, 1882, the time for making and serving the case was extended to December 5, 1882. In the last order, no time for suggesting amendments was mentioned. The case was served on November 30, 1882, but defendants in error did not suggest or serve any amendments until sometime in February, 1883. The term of the district judge who tried the case expired on January 8, 1883. The case was signed and settled on the 19th day of February, 1883, after the trial judge was out of office.

It is urged, among other reasons, that it is only when the term of the trial judge expires before the time fixed for making or settling and signing a case, that such trial judge is authorized to settle and sign the same. The provisions of the section applicable read: "In all cases heretofore or hereafter tried, when the term of office of the trial judge shall have expired or may hereafter expire during the time fixed for making or settling and signing a case, it shall be his duty to certify, sign and settle the case in all respects as if his term had not expired." (Code, § 449.) In this case the term of office of the trial judge did not expire until after the time fixed for making a case. Even if the defendants below had twenty days after December 5 in which to suggest amendments — which is doubtful — the term of the trial judge did not expire until some time after that. The jurisdiction of the judge to settle the case is a special and limited jurisdiction, which only arises at times and under circumstances specified by law. ( *Weeks v. Medler*, 18 Kas. 425.) The statute has made special provision for the signing and settling of cases by the trial judge after the expiration of his term of office, when his term of office shall expire during the time fixed for making or settling and signing a case, and he cannot act in any other way, or under any other circumstances, than those

named in the statute. As the term of office of the trial judge expired after the time fixed for making the case, his authority to act in the matter ended with the expiration of his term of office. The statute was not complied with, therefore the challenge to the case-made is well taken. (*Taylor v. Mason,* 28 Kas. 381.)

Counsel suggest that as no time had been fixed for settling and signing the case, therefore the statute was not disobeyed in the settling and signing of the case now before us. The statute gives authority only for the person who tried the case to certify, sign and settle the same after he is out of office, when his term of office shall have expired or expires during the time fixed for making or settling and signing a case; and if no time is fixed by the order of the court for settling and signing the case, the time fixed for making the case must control. Under such circumstances, there is no time fixed for settling and signing the case, and therefore the term of office of the trial judge cannot be said to have expired, or to expire during the time fixed for settling and signing the case.

This conclusion does not conflict with the case of *Thurber v. Ryan,* 12 Kas. 453, or any of the authorities therein cited. In the latter case, judgment was rendered on March 4, 1873, and thirty days were given to make a case. On March 13, 1873, the judge who tried the case ceased to be judge of the district court of Greenwood county. Notwithstanding this, thereafter and on April 1, 1873, he signed and certified the case-made; but as such act was during the time fixed for making the case, his authority was valid under § 549.

Counsel for the railway company have filed with us an affidavit that the attorney of defendants in error did not return the case-made or suggest amendments until sometime in February, 1883, and therefore they contend that the defendants in error cannot be heard to say that the ex-judge acted without jurisdiction. Nothing is shown in the record that prior to the expiration of the term of office of Judge Perkins, any attempt was made by the railroad company or its attorneys to have the case returned to the judge for set-

tlement. , We have already held that a case cannot be properly made after the time fixed by the statute has passed, merely upon the stipulation of the parties, nor can the parties to the record extend the time for making a case in the absence of any order of the court or judge. (*Insurance Co. v. Koons*, 26 Kas. 214.)

The case must be dismissed.

All the Justices concurring.