## THE KANSAS & COLORADO PACIFIC RAILWAY COMPANY v. JOSHUA WRIGHT.

CASE-MADE — *Settling* — *Expiration of Term of Judge.* A judgment was rendered by a judge of the district court near the end of his term, on November 1, 1889, when 60 days were given to make a case for the supreme court; 10 days thereafter were allowed to suggest amendments thereto, and it was ordered that the case should be settled at some future time, on 5 days' notice. The case was served December 28, 1889, but no amendments thereto were ever suggested or made. The term of the district judge who tried the cause expired on January 13, 1890, three days after the time for suggesting amendments had passed. No notice of the presentation of the case for settlement and signing was given until the following June, and the case was settled, over objections, on July 10, 1890. *Held,* That, as the term of the judge expired when no time was fixed for settling and signing the case, he had no authority to settle and sign the same.

*Error from Sumner District Court.*

THE case is stated in the opinion.

*J. H. Richards,* and *C. E. Benton,* for plaintiff in error; *Elliott & Woods,* of counsel.

*Schwinn & Rogers,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The Kansas & Colorado Pacific Railway Company asks for the reversal of a judgment for $800 obtained by Joshua Wright for land alleged to have been conveyed to the railway company for a right-of-way. The defendant in error insists that no authenticated case-made has been brought up to this court, nor any record which warrants us in reviewing the proceedings of the district court. The judgment was rendered November 1, 1889, when 60 days were given to the railway company in which to serve a case for the supreme court, and 10 days thereafter were given to Wright to suggest amendments to such case-made, and the order provided that the case-made should be settled on five days' notice. The case-made was served on December 28,

1889, and no amendments were ever suggested or made. The term of the district judge who tried the case expired on January 13, 1890, when his successor was inducted into office and entered upon the discharge of its duties. No further step was taken with reference to the case-made until the 30th day of June, 1890, when notice was given that the case would be presented for settlement to the judge who tried the case on July 10, 1890. At that time the attorneys for Wright objected to the authority of the ex-judge to sign the case, but the objection was overruled, and the case was settled and signed as though he had authority.

The code provides that, when the term of office of a trial judge shall expire *during the time fixed* for making or settling and signing a case, it shall be his duty to certify, sign and settle the case in all respects as if his term had not expired. (Civil Code, § 449.) This provision has been considered, and it has been held that the authority of a judge out of office, being special and limited, can only be exercised at such times and under such circumstances as the statute prescribes. (*Railway Co. v. Corser*, 31 Kas. 705.) The only contingency which warrants an ex-judge in settling and signing a case is, that at the expiration of his term the time was actually fixed for making or settling and signing the case. In this case, when the term of the judge who tried the case had expired, the case had been served, the time for suggesting amendments had expired, and no time had been fixed by the court or by the parties under its order for settling and signing such case. It is true the case was to be settled on five days' notice, but no notice was given prior to the expiration of the judicial term, and it was not given for more than five months afterward. If before the term expired notice had been given fixing the time for settling and signing the case, perhaps it might be said that the term of office of the trial judge had expired when the time was fixed for settling and signing the case, and that the ex-judge would therefore have authority to act in the premises. As it was, however, the term expired when no time had been fixed by the order of the court for settling and

18—53 KAS.

signing the case, and none fixed by the parties in pursuance of the orders made. Under such circumstances, and under the authority cited, the ex-judge was without authority to settle and sign the case, and hence the proceedings in error must be dismissed.

All the Justices concurring.