MARY J. MOWERY *et al.* v. THE WILSON STATE ·BANK.

No. 13,141. ( 72 Pac. 539.)

SYLLABUS BY THE COURT.

CASE-MADE—*Settlement after Expiration of Term of Judge.* When no time is fixed for the settlement of a case for this court at the date of the expiration of the regular term of office of the trial judge who tried the case, such trial judge does not have jurisdiction thereafter to settle the case, although by appointment he becomes his own successor in office.

Error from Osborne district court; R. M. PICKLER, judge. Opinion filed May 9, 1903. Dismissed.

*Travers, Smith & Travers, Reed & Sample,* and *J. S. Ensminger,* for plaintiffs in error.

*Ira E. Lloyd,* and *Smith & Nichols,* for defendant in error.

The opinion of the court was delivered by

POLLOCK, J. : In this case we are confronted with a motion to dismiss for want of jurisdiction. The record shows judgment rendered November 1, 1901. Time to make and serve a case for this court was extended as follows :

"And thereupon, and on the application of the plaintiffs, and for good cause shown, plaintiffs are allowed till and including the 1st day of February, 1902, to make and serve a case-made for appeal to the supreme court, and the defendant is allowed till and including February 28, 1902, to suggest amendments thereto ; case to be settled and signed thereafter on five days' written notice by either party."

The regular term of office of the trial judge who tried the case expired on the second Monday of January, 1902. On September 2, 1901, the trial judge, the Honorable R. M. Pickler, was appointed to succeed himself as district judge, such appointment to take effect upon the expiration of his regular term of office. The case was settled by the trial judge March 6, 1902, over the objection and protest of counsel for defendant.

Had Judge Pickler not been his own successor, it is conclusively settled by the former decisions of this court that, as no definite time was fixed at which the case should be settled when the term of office of the trial judge expired, his successor was without jurisdiction to settle or allow the case. (*St. L. & S. F. Rly. Co. v. Corser,* 31 Kan. 705, 3 Pac. 569 ; *K. & C. P. Rly. Co. v. Wright,* 53 id. 272, 36 Pac. 331 ; *Manufacturing Co. v. Stoddard,* 61 id. 640, 60 Pac. 320 ; *Railway Co. v. Preston,* 63 id. 819, 66 Pac. 1050.) Does the fact

9—67 KAN.

that Judge Pickler was his own successor change the rule? We think not. The statute provides:

"In all causes heretofore or hereafter tried, when the term of office of the trial judge shall have expired, or may hereafter expire, before the time fixed for making or settling and signing a case, it shall be his duty to certify, sign or settle the case in all respects as if his term had not expired." (Gen. Stat. 1901, § 5035.)

The right to prosecute proceedings in error in this court is of statutory creation. Following the previous decisions of this court in construing the above statute, it must be held that where a trial judge is granted the power to settle a case for this court after his term of office has expired, the statute requires the time for the exercise of the power to be fixed at the date of the expiration of his term of office. No exceptions are made in the statute. It would have been entirely reasonable for the legislature to make the exception here contended for by counsel for plaintiffs in error. It did not do so. As the order of the trial judge did not fix the time for the settlement of the case, but left the date of settlement uncertain, contingent upon the giving of the written notice of the time and place of settlement by counsel, and as the time for the settlement of the case remained undetermined and unfixed at the date of the expiration of the term of office of the trial judge, we are constrained to hold that the petition in error must be dismissed for want of jurisdiction in this court. It is so ordered.

However, we desire to add that the record in this case has been carefully examined. The case is one of equitable cognizance, in which the advice of the jury was taken upon the questions of fact arising on the trial. All of the findings made by the jury were adopted by the trial court as its findings from the

Falk v. Heim.

evidence in the case.  In this condition of the record, the judgment entered thereon would not be disturbed by this court had the question of jurisdiction presented been otherwise determined.

All the Justices concurring.