CALVIN A. BUTLER *et al. v.* CHARLEY E. SCOTT.

No. 13,487.   (75 Pac. 496.)

SYLLABUS BY THE COURT.

CASE-MADE— *Settlement after Expiration of Term of Judge.* When the term of office of the trial judge expires before the time set for serving a case and suggesting amendments, no time being otherwise fixed within which it is to be settled, jurisdiction to settle the case is preserved, but only until the expiration of the time for suggesting amendments.

Error from Rawlins district court; JOHN R. HAMILTON, judge. Opinion filed February 6, 1904. Dismissed.

*J. P. Noble,* for plaintiffs in error.

*Dempster Scott,* and *John E. Hessin,* of counsel, for defendant in error.

The opinion of the court was delivered by

MASON, J. : In this case the only question necessary to be determined arises upon a motion of defendant in error to dismiss the proceedings on the ground that the case-made is a nullity because settled by the trial judge after he had lost jurisdiction. The judgment complained of was rendered November 29, 1902, when defendant (the losing party) was given until February 1, 1903, to make and serve a case, plaintiff being

allowed ten days thereafter to suggest amendments. It was also ordered that the case was to be settled on five days' notice, but further than this no time was fixed within which the case was to be signed and set-tled.   The term of the trial judge expired January 12, 1903.   The case was served January 22, and settled and signed by the ex-judge February 16, after five days' notice had been given.

Under substantially similar circumstances dismiss-als have been ordered in *Insurance Co. v. Nichols*, 6 Kan. App. 923, 50 Pac. 940 (affirmed, 60 Kan. 856, 55 Pac. 1101), and in *Mowery v. Bank*, 67 Kan. 128, 72 Pac. 539, and perhaps in other cases not re-ported, upon the assumption that they were within the rule declared in *K. & C. P. Rly. Co. v. Wright*, 53 Kan. 272, 36 Pac. 331. . There is this difference, how-ever, between that case and this—in each the term of office of the trial judge expired while no time was fixed for settling the case, but there it expired *after* the time fixed for serving the case and suggesting amendments, while here it expired *before* the time fixed for serving the case.   The statute reads :

' "In all causes heretofore or hereafter tried, when the term of office of the trial judge shall have expired, or may hereafter expire before the time fixed for mak-ing or settling and signing a case, it shall be his duty to certify, sign or settle the case in all respects as if his term had not expired."   (Civil Code, § 549 ; Gen. Stat. 1901, § 5035.)

In *Railway Co. v. Wright*, supra, it was said :

"The only contingency which warrants an ex-judge in settling and signing a case is, that at the expiration of his term the time was actually fixed for making or settling and signing the case."

The making of a case is an act entirely distinct from the settlement and signing.   "The making and

serving of a case are the acts of the plaintiff in error." (*M. K. & T. Rly. Co. v. City of Fort Scott*, 15 Kan. 435, 477.)

"While in one sense the making and serving of a case may be more than a single act, yet in practice the preparation and delivery of a case to the opposite party is frequently spoken of by both lawyers and judges as the making of a case. In section 549 of the code (Gen. Stat. 1897, ch. 95, § 590; Gen. Stat. 1899, § 4843), after providing for the making and service of the case, and the suggestion of amendments, it is provided that the case, 'when so made,' shall be settled, certified and signed by the judge, making no mention of the service of the case. The words 'so made' evidently include all the preliminary steps to the presentation of the case to the judge for settlement." (*Railroad Co. v. Guild*, 61 Kan. 213, 59 Pac. 283.)

Having in view this distinction between the making and the settling of the case, the supreme court of Oklahoma has held, in *Barnes et al. v. Lynch et al.*, 9 Okla. 11, 59 Pac. 995, that when the term of office of the trial judge expires before the time fixed for making a case, no time having been designated for its settlement, he may sign and settle it after the time limited for service and suggestion of amendments. In the opinion it was said:

"As we construe the provisions of section 567 of the code (§ 549, Kansas Code), that section means that if the term of the trial judge shall expire before the expiration of the time fixed for making a case, he may settle and sign such case; or, if his term of office shall expire during the time fixed for settling and signing the case, he may settle and sign the same thereafter. In other words, there are two contingencies under which he may have authority to complete the work of perfecting the case for appeal, viz.: If his term of office expires during the time fixed for making and serving the case, or if his term shall expire thereafter during the time fixed for its settling

and signing ; but if his term of office does not expire during the time fixed for making and serving the case, and no time has been fixed for settling and signing before his term expires, then he cannot settle and sign the case.''

So far as the language quoted is concerned, we think the interpretation of the statute is correct. The jurisdiction of the trial judge to settle the case is preserved in either of two contingencies, namely : First, when his term of office expires before the time fixed for making a case ; second, when his term of office expires before the time fixed for settling and signing a case. But the Oklahoma court further holds that in the first of these contingencies the case may be settled at any time within a year after the date of the judgment or order sought to be reviewed. This construction may seem to follow naturally from a literal reading of the words authorizing the trial judge to settle the case under such circumstances ''in all respects as if his term had not expired,'' but does not accord with the spirit and purpose of the statute.

The object of the provision in question is to preserve the jurisdiction of the trial judge, after his term has expired, not for an indefinite time, but only during a fixed and certain period. If, when his term expires, a time has been fixed within which the case is to be settled, and as in this case there has been no extension of time, that is the limit of his jurisdiction ; he may settle the case within that time, but not later. And if, when his term expires, no provision has been made as to the time of settlement, but a time has been fixed within which the case is to be made, that time, including that given for suggesting amendments, is the limit of his jurisdiction ; he may settle the case within that time, but not later. '' If no time is fixed by the order of the court for settling and signing the case, the time

fixed for making the case must control.'' (*St. L. & S. F. Rly. Co. v. Corser*, 31 Kan. 705, 3 Pac. 569.)

''Where there is no order fixing the time for presenting the case for settlement, and only the simple order giving an extension of time for making and serving a case, the case is duly settled and signed, if settled and signed within three days after the time fixed for making and serving a case.'' (*M. K. & T. Rly. Co. v. City of Fort Scott*, 15 Kan. 435, 478. See *Thurber v. Ryan*, 12 id. 453.)

If this case had been settled within the time limited for the suggestion of amendments it would have been valid, but having been settled later than that, it is void. This conclusion is in harmony with the rulings heretofore made. It has perhaps been said that jurisdiction was lost whenever the term of office of the trial judge expired and no time had been fixed for settling the case ; whereas a complete statement of the rule should cover the contingency of the term expiring before the time fixed for making the case. But these expressions are not misleading if considered in connection with the facts to which they are applied. In cases tried before a judge *pro tem.* it is obvious that the contingency referred to cannot arise. The term of office of a judge *pro tem.*, where no time is fixed for settling a case, is held to be coextensive with the time allowed for suggesting amendments, and therefore cannot expire before the time fixed for making the case. So that the rule as stated applies in such cases without qualification. (See *Railway Co. v. Preston*, 63 Kan. 819, 66 Pac. 1050.)

It may be added that an examination of the record discloses no error, and if the matter were properly before us the judgment would be affirmed.

The proceedings in the case are dismissed.

All the Justices concurring.