THE GRANITE STATE FIRE INSURANCE COMPANY
v. EDEN D. HARN *et al.*

No. 13,311.   ( 76 Pac. 822.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT— *Certification of Case after Expiration of Term of Office.*   In order that a trial judge out of office may have jurisdiction to settle and sign a case-made such authority must be preserved by some proper order.   Such jurisdiction is not preserved beyond the period fixed for service of the case-made, including the time for suggestion of amendments, by an order directing that the case "be settled and signed on five days' written notice by either party."

Error from Osborne district court; R. M. PICKLER, judge.   Opinion filed May 7, 1904.   Dismissed.

*Burnham & Dashiell*, and *Smith & Nicholas*, for plaintiff in error.

*J. L. Travers*, for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : This case was dismissed from the bench at the October, 1903, sitting of this court. We then concluded that we had no jurisdiction to consider the questions presented because of a want of timely certification of the case-made. Fearing that this question had not received a sufficiently serious consideration, a rehearing was granted, and we have gone over the question again with great care.

The facts involved are these : The case was tried by the Honorable R. M. Pickler and judgment entered at the October term, 1901, time being given up to, and including, January 1, 1902, to make and serve a case. On December 29, 1901, this time was duly extended to March 1, 1902. On January 12, 1902, Judge Pickler's regular term expired, and he was appointed his own successor. On February 20, 1902, acting as the incumbent judge, he extended the time for making and serving a case "till and including the 1st day of April, A. D. 1902," and the defendants were "allowed till and including the 21st day of April, A. D. 1902, in which to suggest amendments thereto ; the said case to be settled and signed on five days' written notice by either party." The case was served on March 25, 1902, and settled and signed on May 25, 1902, by Judge Pickler, presumably by virtue of his authority as the trial judge, as he had no other authority. Whether he had authority at that time so to settle and sign the case is the question.

His authority at that time was only such as it would have been had he not been his own successor. (*Mowery v. Bank*, 67 Kan. 128, 72 Pac. 539, and cases there cited.) His term of office as trial judge had expired; his authority, therefore, to set-

tle the case must be found in section 549 of the code of civil procedure.   (Gen. Stat. 1901, § 5035.) The extension of February 20 was valid and placed the matter in the same condition as though the order then made had been made at first.   It is contended that section 549 must be read in the alternative ; that there are therein two conditions either of which authorizes the certification of the case by the trial judge ; that in this case there is found one of these conditions, which is that, as Judge Pickler's term of office expired before the time given for making the case, therefore, by the terms of this section, he possessed the indefinite time, limited only by one year, and the giving of five days' notice, within which to settle and sign it.   Some show of reason for this contention is found in the language of the section and in a cited case from Oklahoma (*Barnes et al. v. Lynch et al.*, 9 Okla. 11, 59 Pac. 995), but in the light of the prior decisions of this court we cannot so hold.

It will be borne in mind that no time for settling and signing the case was fixed by the order ; it was left indeterminate, to be subsequently fixed by the action of one or the other of the parties to the action. The jurisdiction of a trial judge out of office is not authorized, by the cited action, thus to be kept *in suspenso;* the time for settling and signing is required by it to be *fixed.*   In the case of *Mowery v. Bank,* supra, we find the following language :

"Following the previous decisions of this court construing the above statute, it must be held that where a trial judge is granted the power to settle a case for this court after his term of office has expired, the statute requires the time for the exercise of the power to be fixed at the date of the expiration of his term of office."

The question was again closely approached in the

very recent case of *Butler v. Scott*, 68 Kan. 512, 75 Pac. 496, and a similar conclusion reached.

We are compelled to affirm our former order of dismissal, and decline to take jurisdiction of the merits of the case.

All the Justices concurring.