G. C. ROBBINS v. W. S. MACKIE *et al.*

No. 13,901. ( 79 Pac. 170.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Time for Suggesting Amendments to Case-made.* Although chapter 380 of the Laws of 1903 gives the party opposed to the one serving a case-made ten days thereafter for the suggestion of amendments, still the trial court may, with the consent of the parties to the action, by order limit the time of suggesting amendments to five days.

2. ———— *Settlement of Case-made—Jurisdiction of Former Judge.* The trial court, on the motion of an unsuccessful party to an action, extended the time within which he might serve a case-made on the opposite party to fifteen days from the date judgment was entered, and, by consent of the parties, allowed the opposing party five days thereafter for the suggestion of amendments. It made no order fixing the time within which such case-made should be settled and signed. The term of office of the judge expired eleven days after the entry of the judgment and order. *Held,* that he had jurisdiction to settle and sign the case-made for twenty days after the entry of the judgment and order, and no longer.

3. ———— *Invalid Settlement—Proceeding Dismissed.* The act of a former judge in settling and signing a case-made on the twenty-fifth day after the entry of a judgment and order is without jurisdiction and void, and a proceeding in error based thereon will be dismissed on the motion of the defendant in error.

Error from Sedgwick district court; DAVID M. DALE, judge. Opinion filed January 7, 1905. Dismissed.

*Houston & Brooks,* for plaintiff in error.
*Amidon & Dyer,* for defendants in error.

The opinion of the court was delivered by

CLARK A. SMITH, J. : This was a suit begun by the plaintiff in error in the district court of Sedgwick county to enjoin the defendants from filling up and destroying an irrigation ditch. A temporary injunc-

Robbins v. Mackie.

tion was granted pending the hearing.   On the trial
the court dissolved the temporary injunction, refused
the prayer of the petition, and rendered judgment
against the plaintiff for costs.   To reverse this judg-
ment the plaintiff brings the case to this court for re-
view.

The defendants in error file their motion to have
the case dismissed, claiming that this court is without
jurisdiction, for the reason that the trial judge who
settled and signed the case-made did not do so within
the time fixed by the court, and hence had lost juris-
diction.   Another reason is given, but the one stated
is sufficient, and the motion must be allowed.   The
judgment in favor of the defendants was rendered on
December 31, 1903, by the Honorable David M. Dale,
then judge of said court.   His term of office expired
on the 11th day of January, 1904.   At the time of
rendering the judgment the following order was made :

"And thereupon, on motion of the plaintiff and by
consent of the parties hereto, in open court, and suf-
ficient cause therefor having been shown, it is ordered
by the court that the time for serving a case-made in
said cause be, and the same is hereby, extended for
fifteen days from this date.   It is further ordered that
the said defendants be allowed five days thereafter to
suggest amendments thereto."

No order was made fixing the time for settling and
signing the case-made.   It was duly served on the de-
fendants on the 13th day of January, 1904, within
the time fixed by the order of the court.   No sug-
gestion of amendment was made, and after due notice
by the plaintiff in error to the defendants in error of
the time and place at which the case-made would be
presented for settling and signing, Judge Dale settled
and signed it, and the same was attested by the clerk
of the court, on the 25th day of January, 1904.   At

the time it was settled and signed the attorney for defendants in error, as well as the attorneys for plaintiff in error, was present, and no objection to the jurisdiction to settle and sign the same was made. Judge Dale had jurisdiction in this matter to and including January 20, 1904, and not afterward.

Chapter 380 of the Laws of 1903 expressly repeals section 548 of the code of civil procedure (Gen. Stat. 1901, § 5034) and provides:

"The case-made or a copy thereof shall within ten days after the judgment or orders entered be served upon all opposite or adverse parties;  .  .  .  provided, that the court or judge before whom the case was tried may, on motion, order an extension of time for serving such case-made.  .  .  .  And such parties  .  .  .  may within ten days thereafter suggest amendments in writing and present the same to the party making such case or his attorney.  .  . ."

Judge Dale had jurisdiction in this matter so long as the time fixed for serving a case-made, suggesting amendments thereto, or settling or signing the same, had not expired, and no longer. It is an especial, individual grant of power to one whose authority as a court and a judge had otherwise expired with the expiration of his term of judicial office. The grant, though somewhat anomalous, is for the beneficent purpose of enabling litigants who claim to have been defeated of justice in a court of which the grantee was judge to have their claims reviewed by the supreme court of the state. To this end the personal knowledge of the judge who tried the case is indispensable—he can have no substitute. If he die, or become mentally incapable, before settling and signing the case-made, the duty can devolve upon no other. The extraordinary power conferred upon a former judge as an individual, not as an officer, must

Barrett v. Coal Co.

of necessity have some limitation in time, and the legislature has wisely limited the exercise of the power to "the time fixed"—that is, to the time which was fixed while he was a judge or a court.

It is claimed that the statute of 1903 fixes the time within which suggestions of amendment may be made at ten days after the service of the case-made, which is true; but the statute confers such a right as may be waived, and was, in this case, by the party entitled thereto to the extent of fixing such time at five days.

The proceeding in error will be dismissed.

, All the Justices concurring.