THE STATE OF KANSAS, *ex rel. Charles Lander and J. M. Nelson, as Partners, etc.,* v. W. H. LEWIS.

No. 14,379.   (83 Pac. 619.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Case-made—Jurisdiction.* Under the facts of this case it is held that no time had been fixed for settling and signing a case-made when the trial judge's term of office expired.

Original proceeding in mandamus.   Opinion filed November 11, 1905.   Writ denied.

*John F. Hanson,* for plaintiff.
*Grattan & Grattan,* for defendant.

The opinion of the court was delivered by

BURCH, J.: This proceeding is brought to compel a district judge to settle and sign a case-made after his term of office has expired. In the district court the motion for a new trial was denied on December 22, 1904, and at the same time the following order was made:

"At which time plaintiffs were given thirty days to make and serve a case-made for the supreme court of the state of Kansas, and the defendant given five days after service to suggest amendments, the case to be signed and settled on two days' notice of either party at any time thereafter."

The judge's term expired on January 9, 1905.  The case was served on January 20, 1905.   Amendments

were suggested on January 25, and afterward but on the same day notice was served that the case would be settled and signed on January 28. On that day, the thirty-seventh after the making of the order, the judge refused to act in the premises on the ground that he no longer had jurisdiction to do so. The order involved is quite similar to the one discussed in the case of *Mowery v. Bank,* 67 Kan. 128, 72 Pac. 539, which reads as follows:

"Plaintiffs are allowed till and including the 1st day of February, 1902, to make and serve a case-made for appeal to the supreme court, and the defendant is allowed till and including February 28, 1902, to suggest amendments thereto; case to be settled and signed thereafter on five days' written notice by either party."

This order was made on November 1, 1901, and the judge's term expired in January, 1902, before any notice of settlement or signing had been given. The difference between the indefinite general term "thereafter" and the indefinite general phrase "at any time thereafter" is not sufficient to form the basis of a principle. In all other essential respects the facts in *Mowery v. Bank,* 67 Kan. 128, and in this case are strictly analogous. Although the attorneys in *Mowery v. Bank* made no point upon the word "thereafter," Mr. Justice Pollock, speaking for the court, made the following clear statement of the law:

"As the order of the trial judge did not fix the time for the settlement of the case, but left the date of settlement uncertain, contingent upon the giving of the written notice of the time and place of settlement by counsel, and as the time for the settlement of the case remained undetermined and unfixed at the date of the expiration of the term of office of the trial judge, we are constrained to hold that the petition in error must be dismissed for want of jurisdiction in this court."

In *Butler v. Scott,* 68 Kan. 512, 75 Pac. 496, Mr. Justice Mason made the following equally perspicuous declaration:

"The object of the provision in question is to pre-

serve the jurisdiction of the trial judge, after his term has expired, not for an indefinite time, but only during a fixed and certain period.  If, when his term expires, a time has been fixed within which the case is to be settled, and as in this case there has been no extension of time, that is the limit of his jurisdiction; he may settle the case within that time, but not later.  And if, when his term expires, no provision has been made as to the time of settlement, but a time has been fixed within which the case is to be made, that time, including that given for suggesting amendments, is the limit of his jurisdiction; he may settle the case within that time, but not later."

It is impossible to say that the wholly undefined and indeterminate period of "any time" means a fixed and ascertained time within which counsel might, by giving notice, end the uncertainty as to when the case would be settled.  Nor is it possible, under the language of the statute and of the decisions quoted, to say that the two days' notice of settlement and signing, which might be given at will at any time and which might be delayed indefinitely, constituted any portion of a time actually fixed when the judge went out of office.

The court is not inclined to reverse the decisions referred to, and numerous others of like import.  The various attacks made by the plaintiff upon the statute governing the case cannot be supported, and the writ of mandamus is denied.

All the Justices concurring.