Stanton v. Barnes.

———————

S. STANTON V. S. BARNES *et al.*
No. 14,383.    (84 Pac. 116.)
SYLLABUS BY THE COURT.

1. CASE-MADE—*Extension of Time to Settle—Jurisdiction of Trial Judge to Sign.* Where, within the time fixed by the trial judge for settling a case-made, his successor in office orders another extension, and provides therein that within a definite time the trial judge shall settle and sign the case-made, the judge before whom the case was tried may settle and sign the same within such time.

2. AGENCY—*Sale of Real Estate—Commission.* Where one employs a real-estate agent to find a purchaser for property which he represents as his own, and, upon the agent's producing a purchaser ready, willing and able to pay the price, refuses to complete the sale, he is liable to the agent in an action for the usual commission, whether the property belonged to him or to another.

3. ——— *Waiver of a Defense.* In such a case, when the grounds for refusing to complete the sale are stated to be that the property belonged to another, and the employment of the agent is denied, but no objection is raised upon the ground that the purchaser was not able to pay, it is too late after action begins to urge, as an additional reason, that the purchaser was not able to pay the cash.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed January 6, 1906. Affirmed.

*Garver & Larimer,* and *W. H. Holmes,* for plaintiff in error.

*J. S. Ensminger,* for defendants in error.

The opinion of the court was delivered by

PORTER, J.: A motion to dismiss the proceeding in error is based upon the claim that no definite time for settling the case was fixed by the trial judge. The term of office of Judge Hazen, before whom the case was tried, expired January 9, 1905. The motion for a new trial was denied October 24, 1904, and an extension of sixty days was given to make and serve a case-made. This time expired December 23, 1904. On December 19, 1904, the time was further extended to, and including, January 15, 1905. On January 14, 1905, Judge Dana, the successor in office of Judge Hazen, made an order extending the time to make and serve the case-made thirty days from that date, allowing ten days to suggest amendments, the case to be settled upon three days' notice, and expressly provided that Judge Hazen should settle and sign the case-made within thirty days from January .14, 1905. The case was settled and signed by Judge Hazen on January 25, 1905, upon notice duly given in accordance with the order of extension. It is contended that this state of facts brings the case within the rule laid down in *Insurance Co. v. Harn,* 69 Kan. 249, 76 Pac. 822, but in that case there was no time for settling and signing fixed by the order of the judge who succeeded the trial judge in office, and that fact controlled. Here a definite time was fixed by the order in which the trial judge should settle and sign the case-made, and it was properly settled and signed within that time. To the same effect see *Robbins v. Mackie,* 70 Kan. 646, 79 Pac. 170.

Defendants in error are real-estate agents and brought this action to recover a commission on a sale of real estate. They claimed that defendant listed with them his home in Topeka and requested them to sell it for $4500; that they found a purchaser ready and willing to pay the price; and that when they asked him to complete the sale he refused, and said that the property belonged to his wife and he had no authority to

sell it. A jury in the court of Topeka found against him; he appealed to the district court of Shawnee county, and a jury there rendered a verdict against him for $137.50; and from that judgment he prosecutes error.

The first claim is that the court erred in permitting one Martin, the proposed purchaser, to testify to conversations which took place with one of the plaintiffs while showing him the property. It was proper for plaintiffs to prove what effort had been made to bring about a sale, and defendant was not prejudiced by the statements made by the agent in showing the property, nor bound in any way by such statements.

It is urged that there was error in refusing to permit defendant, on the cross-examination of Martin, to inquire fully into the latter's ability to pay cash for the property. Upon cross-examination on this point he testified that he had an understanding at the bank by which his check for the full amount would be taken care of, and that when he purchased other property soon afterward his check for $5000 was paid under the same arrangement. The court refused to permit further cross-examination as to the details of this arrangement with the bank. When the objection complained of was made the court stated to defendant that, if liability was contested for the reason that a purchaser able to pay the price had not been procured, the objection would be overruled. To this defendant's attorney simply stated that he denied everything alleged by plaintiffs. The fact appears beyond question, however, that while the defense was a general denial all liability was denied upon the ground that defendant had never listed the property for sale with plaintiffs, had not employed them to sell the property at all, was not the owner, and had no authority from the owner to sell it. This is the substance of his own testimony. After putting his refusal to complete the sale upon these grounds alone, he waived any defense based upon the inability of the proposed purchaser to pay the price in cash, and, as was said in *Railway Co.*

*v. McCarthy,* 96 U. S. 258, 267, 24 L. Ed. 693, he cannot be "permitted thus to mend his hold. He is estopped from doing it by a settled principle of law." (*Redinger v. Jones,* 68 Kan. 627, 75 Pac. 997; *Sandefur v. Hines,* 69 Kan. 168, 76 Pac. 444.) If this had been a reason for refusing to complete the sale he should have so stated at the time, so that the other party might know what was lacking and possibly correct it.

The court permitted defendant to be asked upon cross-examination whether he had not listed this property for sale with other real-estate agents. He denied that he had. In rebuttal plaintiffs introduced two other real-estate agents, who testified that defendant had placed the property in their hands for sale as his own at the same terms upon which it is claimed he had listed it with plaintiffs. It is contended that this was error; that the questions asked were not proper cross-examination; and that it was further error to permit the collateral facts to be rebutted. The rule confining cross-examination to matters brought out in chief is always relaxed considerably when the witness is a party. The fact that defendant had listed the same property with other real-estate agents about the same time as his own, and upon the same terms, was a circumstance to some extent inconsistent with, and tending to qualify and impeach, his testimony in chief. It was not so far collateral that in rebuttal the truth could not be shown.

Two juries have found that defendant employed these agents to find a purchaser for his home, representing that he was the owner; and that, upon the agents' producing a purchaser able and willing to pay the price, he refused to complete the sale. The evidence seems to sustain the verdict. Whether the property in fact belonged to him or to another, under the evidence he would be liable for the usual commission.

There appears to be no error in the record, and the judgment is affirmed.

All the Justices concurring.