THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF DOUGLAS *et al.* v. EMILY P. D. WOODWARD.

No. 14,478. (84 Pac. 1028.)

SYLLABUS BY THE COURT.

1. STATUTORY CONSTRUCTION—*Prospective or Retrospective Operation.* Generally, a statute will be construed as applying to conditions that may arise in the future. An act will not be given a retrospective operation unless the intention of the legislature that it shall so operate is unequivocally expressed.

2. JURISDICTION—*Settlement of a Case-made.* Section 4 of chapter 320 of the Laws of 1905 is prospective, and not retrospective, in its operation, and confers no power upon a trial judge who had, prior to the passage of the act, lost jurisdiction to settle a case-made.

Error from Douglas district court; CHARLES A. SMART, judge. Opinion filed March 10, 1906. Dismissed.

*M. A. Gorrill, Thomas Harley,* and *J. Q. A. Norton,* for plaintiffs in error.

*Bishop & Mitchell,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: In this case there is a motion to dismiss. The judgment from which this proceeding in error arises was rendered December 31, 1904. A motion

for a new trial was denied on the same day, and an order entered extending the time sixty days to make and serve a case-made, with ten days thereafter for the suggestion of amendments, the case to be settled upon five days' notice. The case was served on the 24th day of February, 1905, and settled and signed March 22, 1905. The term of the Honorable Charles A. Smart, the judge who tried the case, expired January 9, 1905. He succeeded to the office and his second term began on the same day. The sixty days' extension expired March 1, 1905, and the ten days to suggest amendments, March 11, 1905. It will be observed that no definite time was fixed in the order of extension within which the case should be settled, but it was to be settled on five days' notice, which meant at any time within the year, upon such notice. In *Mowery v. Bank,* 67 Kan. 128, 72 Pac. 539, it was said:

"When no time is fixed for the settlement of a case for this court at the date of the expiration of the regular term of office of the trial judge who tried the case, such trial judge does not have jurisdiction thereafter to settle the case, although by appointment he becomes his own successor in office." (Syllabus.)

(See, also, *Butler v. Scott,* 68 Kan. 512, 75 Pac. 496; *Insurance Co. v. Harn,* 69 Kan. 249, 76 Pac. 822; *Zinc Co. v. Dwight,* 69 Kan. 852, 76 Pac. 1130; *Robbins v. Mackie,* 70 Kan. 646, 79 Pac. 170; *St. L. & S. F. Rly. Co. v. Corser,* 31 Kan. 705, 3 Pac. 569; *K. & C. P. Rly. Co. v. Wright,* 53 Kan. 272, 36 Pac. 331.)

It is insisted, however, that since these decisions were made the legislature has provided for cases falling within the facts here involved by section 4 of chapter 320, Laws of 1905. The part of the section referred to reads as follows:

"Provided, however, that the judge of the district court or judge *pro tem.* before whom a case has been or shall be tried shall have power to sign and settle a case-made within one year from the making of any final order or rendering any final judgment, if the same has been legally served upon the adverse party,

notwithstanding that the term of office of any such judge or judge *pro tem.* may have expired after the rendition of such judgment or making such order and before such case-made may have been settled, provided such case-made has been served within the time previously fixed by such judge or judge *pro tem.* of such court."

The main question involved in the motion to dismiss is, Does the law of 1905 operate retrospectively, so that a trial judge whose term of office expired prior to the passage of the act is given power to settle a case-made properly served within the time fixed by him in the order of extension, even where no definite time was fixed in the order of extension in which the case should be settled? Neither side has argued this question. Plaintiffs in error assume that the act of 1905 covers the case, and suggest that defendant in error must have overlooked this provision.

In some of the states the constitution provides that no law shall be given a retrospective operation. Our constitution is silent upon the subject. In the absence of any constitutional inhibition the legislature has the power to enact retrospective statutes in certain cases, provided such laws do not interfere with vested rights. Whether vested rights are affected by such laws it is the province of the courts to determine. (Potter's Dwarris, Stat. & Const. 166.) The rule is that they are not to be allowed a retroactive effect unless such intention upon the part of the legislature is so clearly expressed that no other construction can be fairly given. (*Rogers v. Inhabitants of Greenbush,* 58 Me. 395, 4 Am. Rep. 292.) Generally, a statute prescribes a rule for future action. (*Prouty v. Stover, Lieut.-governor,* 11 Kan. 235.)

In the case of *Lawrence v. City of Louisville,* 96 Ky. 595, 29 S. W. 450, 49 Am. St. Rep. 309, 27 L. R. A. 560, it was said:

"While retrospective legislation may, in some cases, be upheld, the words of a statute ought not to have a retrospective operation unless they are so clear and

imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied." (Syllabus.)

"The general rule is that no statute, however positive in its terms, is to be construed as designed to interfere with existing contracts, rights of action or suits, and especially vested rights, unless the intention that it shall so operate is expressly declared, and courts will apply new statutes only to future cases, unless there is something in the very nature of the case, or in the language of the new provision, which shows that they were intended to have a retroactive operation. And although the words of the statute are broad enough in their literal extent to comprehend existing cases, they must yet be construed as applicable only to cases that may thereafter arise, unless a contrary intention is unequivocally expressed therein." (Potter's Dwarris, Stat. & Const. 162, note.)

To the same effect see *Gerry v. Inhabitants of Stoneham,* 83 Mass. 319; *Garfield v. Bemis,* 84 Mass. 445; *Loring and another v. City of Boston,* 78 Mass. 209; *John O. Kinsman v. City of Cambridge,* 121 Mass. 558; *Atkinson v. Dunlap,* 50 Me. 111; *Bryant v. Merrill,* 55 Me. 515; *Bauer Grocer Co. v. Zelle,* 172 Ill. 407, 50 N. E. 238; *Dobbins et al. v. First Nat. Bank,* 112 Ill. 553; *Rock Island Nat. Bank v. Thompson,* 173 Ill. 593, 50 N. E. 1089, 64 Am. St. Rep. 137. In the last-named case it was said, at page 607:

"Retrospective laws are not looked upon with favor. Statutes are usually construed as operating on cases which come into existence after the statutes are passed, unless a retrospective effect is clearly intended. (Endlich, Interp. of Stat., §§ 271, 273, 275, 276.)"

The authorities are collated in section 642 of volume 2 of the second edition of Lewis's Sutherland on Statutory Construction.

Keeping in mind the rule that a statute must be given a prospective instead of retrospective operation, unless the legislative intention to the contrary so clearly and imperatively appears that no other meaning can be attached to the terms, or unless the intention of the

legislature cannot be otherwise satisfied, how can it be argued that this statute should be given a retrospective effect? Is it because the words "has been" are employed? These words apply to different classes of cases: (1) To a case to be tried in the future, of which it may be said at a future time that it "has been" tried; (2) to a case which at the time the act took effect had been tried, and of which the trial judge still had jurisdiction to settle; and (3) to a case which when the act took effect had been tried, but of which the trial judge had lost all jurisdiction. Obviously, the first and second classes are within the purview of the act; but the third, which is the class in which this case belongs, is not, unless we give to the statute a retroactive operation—which courts are loath to do—and also give to it sufficient force to breathe life into a dead thing. Moreover, if it were the intention to have it apply only to cases arising in the future, the very language used seems most appropriate. It must be construed as if it read: "*At any time in the future;* provided, however, that the judge of the district court or judge *pro tem.* before whom a case has been or shall be tried," etc. If we do not lose sight of the rule that the words must be construed as applicable only to cases that may thereafter arise, unless a contrary intention is unequivocally expressed, we readily see that this statute cannot be given a retroactive operation without violence to this rule of construction.

In *Dyer v. Belfast,* 88 Me. 140, 33 Atl. 790, an act which provided that when any person aggrieved by the estimate of damages for land taken for a public way honestly intended to appeal therefrom, but by accident or mistake omitted to take his appeal within the time allowed by the law, he might at any time within six months have an appeal by applying to any judge of the supreme court, was held not to apply to a case where the right of appeal had been fully barred before its enactment. It was held in *Loring and another v. City of Boston,* 78 Mass. 209, that a statute

Douglas County v. Woodward.

did not revive a claim for damages for land taken to widen a street, which claim was barred before the act was passed.   In *Kinsman v. City of Cambridge,* 121 Mass. 558, it was held that a statute extending the time for a landowner to file a petition for a jury to assess damages for land taken for a street did not revive a cause of action barred by the statute of limitations before the passage of the act.   A statute extending the time for filing a petition for review was held, in *Atkinson v. Dunlap,* 50 Me. 111, to be prospective in its operation.   To the same effect see *Pignaz v. Burnett,* 119 Cal. 157, 51 Pac. 48; *Albert C. Sammis v. James Bennett,* 32 Fla.. 458, 14 South. 90,. 22 L. R. A. 48.

In the case at bar the difficulty lies in the fact that under the previous rulings of this court the jurisdiction of the trial judge to settle the case ended March 11, 1905.   The act of 1905 took effect March 21, 1905. Whatever may be said of the power of the legislature to enact retrospective laws, an act will not be given a retrospective operation so as to infuse life into proceedings which have lapsed`and become absolutely void for want of jurisdiction unless such was clearly the intention of the legislature.   If the intention of the legislature had been to have this statute affect cases where the jurisdiction of the judge who tried the case had been lost, apt words would have been employed to indicate such purpose.

Counsel in a similar case which is pending have called our attention to *Johnson v. Higgins,* 53 Conn. 236, 1 Atl. 616, as authority for holding that the legislature has the power to confer upon a former judge who has tried a cause authority to perform judicial powers necessary to permit a litigant to perfect an appeal.   In that case a judge resigned his office March 7. On March 31 an act was passed which authorized a former judge to perform the acts in question.   Subsequently he did so.   The court upheld the constitutionality of the act.   If the legislature has authority thus

to confer upon a person who has been judge, but whose term of office has expired, the judicial power to perform the duties and functions of a judge, the question might arise, Why may not the legislature confer the same powers upon one who has never occupied that office, or upon any person they may deem suitable? Without deciding the extent of the power of the legislature to confer such authority upon one who is no longer a judicial officer, the fact which controls us is that the act itself does not appear to have been intended to have any such purpose.

We have carefully considered the effect of the act of 1905, realizing that, aside from the importance to the parties and the public of the case at bar on its merits, there are pending other cases involving property rights in which the jurisdiction of this court depends upon the construction placed upon this act. We are of the opinion that, inasmuch as the trial judge had lost all jurisdiction to settle the case before the act of 1905 took effect, that act was powerless to infuse life into the proceedings, or confer upon him authority to act further. The act cannot be given a retrospective operation. Its language nowhere indicates such an intention upon the part of the legislature. The motion to dismiss is allowed.

All the Justices concurring.