CHARLES LANDER *et al., as Partners, etc.,* v. S. J. JOHNSON.

No. 14,752.    (88 Pac. 258.)

CASE-MADE—*Settlement—Jurisdiction.* Chapter 320 of the Laws of 1905 was said not to confer power upon a judge to settle a case-made who had, prior to the passage of the act, lost jurisdiction.

Error from McPherson district court; W. H. LEWIS, judge.    Opinion filed December 8, 1906.    Dismissed.

*John F. Hanson,* for plaintiffs in error.

*Grattan & Grattan,* for defendant in error.

*Per Curiam:* It was determined in *The State v. Lewis,* 72 Kan. 234, 83 Pac. 619, that no time had been fixed for settling and signing a case-made in this case when the trial judge's term of office expired, and that therefore he was without jurisdiction.    Since that time the legislature enacted chapter 320 of the Laws of 1905, which it is contended vested the ex-judge with authority to settle and sign the case-made.    The case-made was again presented to the ex-judge, and, under the authority of that act, he settled and signed it.    The defendant challenges the validity of the case-made and the jurisdiction of this court.    It has already been held that the act of 1905 does not operate retrospectively, and confers no power upon a trial judge who

had prior to the passage of the act lost jurisdiction to settle the case-made. (*Douglas County v. Woodward*, 73 Kan. 238, 84 Pac. 1028.) Nothing stated in the affidavits filed affects the validity of the case-made.

The proceeding is therefore dismissed.