THE FIRST NATIONAL BANK OF WASHINGTON
v. WARREN S. CLARK.

1. JUDGMENT LIEN — *Journal Entry Filed too Late.* The act of congress entitled "An act to regulate the liens of judgments and decrees in the courts of the United States," approved August 1, 1888, rendered it necessary that a judgment-creditor who had theretofore obtained a judgment in the circuit or district court of the United States for the district of Kansas should file an attested copy of the journal entry of the judgment in the office of the clerk of the district court of any other county than that in which the judgment was rendered, in order to thereafter maintain a lien on the lands of the judgment-debtor in such other county, within a reasonable time after the passage of such act. The defendant in error having failed to file a copy of the journal entry of such a judgment in the office of the clerk of the district court of Washington county, where the land in controversy is situated, for more than four months after the passage of the act, lost his lien, if any he had, by reason of such failure.

2. QUERY, *not Answered.* Whether the lien of a judgment of the circuit court or district court of the United States for the district of Kansas extended to lands in a county other than that in which the judgment was rendered, without compliance with § 419 of the code of civil procedure prior to the passage of the act of congress of August 1, 1888, discussed, but not decided.

*Error from Washington District Court.*

ACTION by *The First National Bank of Washington* against *Warren S. Clark.* Judgment for defendant. Plaintiff brings the case here. The opinion herein, filed April 30, 1895, states the facts.

*Chas. Smith,* and *J. G. Lowe,* for plaintiff in error.
*Waggener, Martin & Orr,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J. : The plaintiff brought suit in the district court of Washington county against F. E. Vanhorn, Warren S. Clark, and others, to foreclose a mortgage executed on the 25th of January, 1888, by F. E. Vanhorn to John T. Elwood, on a tract of land therein described, to secure the payment of $2,000 and interest. The mortgage and the debt secured thereby were assigned by John T. Elwood to Nancy E. Elwood, and by Nancy E. Elwood to the plaintiff. It appears that John T. Elwood purchased the land in controversy at sheriff's sale on the 1st day of August, 1887, and conveyed the same to Vanhorn January 25, 1888, which is the date of the mortgage sued on. On the 6th day of December, 1887, a judgment was obtained in the circuit court of the United States for the district of Kansas by Thomas E. Tootle against John T. Elwood and others for $6,845. After two executions had been issued on this judgment and returned unsatisfied, an execution was issued on the 3d of December, 1888, and on the 6th of that month was levied by the marshal on the lands in controversy, which he sold to satisfy said judgment to the defendant in error. No copy of the journal entry of the judgment rendered by the United States circuit court was filed in Washington

county.  Two questions are presented :  First, whether a judgment of the circuit court of the United States under the law as it stood prior to the passage of the act of congress of August 1, 1888, became a lien on all the lands of the judgment-debtor within the territorial jurisdiction of the court without compliance with § 419 of the code of civil procedure of this state ; second, if such lien did exist, whether the act of congress above mentioned made it necessary thereafter to file for record a copy of the journal entry of a judgment of the circuit court of the United States theretofore rendered, in counties other than that in which the judgment was rendered, in order to preserve the lien on lands therein.

Section 419 of the code of civil procedure provides :

" Judgments of courts of record of this state, and of courts of the United States rendered within this state, shall be liens on the real estate of the debtor within the county in which the judgment is rendered from the first day of the term at which the judgment is rendered ; but judgments by confession, and judgments rendered at the same term during which the action was commenced, shall bind such lands only from the day on which such judgment was rendered.  An attested copy of the journal entry of any judgment, together with a statement of the costs taxed against the debtor in the case, may be filed in the office of the clerk of the district court of any county, and such judgment shall be a lien on the real estate of the debtor within that county from the date of filing such copy.  The clerk shall enter such judgment on the appearance and judgment-dockets in the same manner as if rendered in the court of which he is clerk.  Executions shall only be issued from the court in which the judgment is rendered."

It will be observed that this section provides for docketing judgments of the United States courts in exactly the same manner as those of the state courts.

The extent to which judgments of federal courts should become liens on the property of the judgment-debtor was never defined by act of congress until the passage of the act of 1888, but it had been held by the federal courts that judgments of the United States circuit and district courts became liens on the debtor's property to the same extent as judgments of the state courts within their jurisdiction. It was also held that where provision was made for docketing the judgments of the state courts in counties or districts other than those in which the judgments were rendered, and no such provision was made with reference to federal judgments, the lien of the federal judgments extended throughout the territorial jurisdiction of the court without so docketing in counties other than where rendered. (*Massingill v. Downs,* 7 How. 760; *Williams v. Benedict,* 8 id. 107; *Shrew v. Jones,* 2 McLean, 78; *Savings Bank v. Bates,* 44 Fed. Rep. 546; *Hill v. Gordon,* 45 id. 276.)

The precise question whether under a statute like that in force in Kansas, placing state and federal judgments on an exact equality with reference to the manner of obtaining and extent of a judgment-lien, it was necessary that the judgment-creditor, who obtained judgment in the federal court, should comply with the state law and docket his judgment with the clerk of the district court of the county where the debtor's property was situated, has never been decided so far as we are able to discover. The policy of the federal government has been to adapt the practice in federal courts in common-law actions to that prevailing in the state courts, and to place suitors in state and federal courts on an equal footing as to remedies. It may well be doubted whether the lien of the federal judgment extended beyond the county in which it was

rendered, unless a copy of the journal entry was filed in the office of the district clerk of the county where the property sought to be affected by the judgment-lien was located.    It is not necessary in this case, however, that we should decide this question.    In 1888 an act of congress was passed, which took effect on the 1st of August, containing the following provisions :

2. Query, not answered.

" That judgments and decrees rendered in a circuit or district court of the United States, within any state, shall be liens on property throughout such state in the same manner and to the same extent and under the same conditions only as if such judgments and decrees had been rendered by a court of general jurisdiction of such state : *Provided,* That whenever the laws of any state require a judgment or decree of a state court to be registered, recorded, docketed, indexed, or any other thing to be done in a particular manner, or in a certain office, or county, or parish in the state of Louisiana, before a lien shall attach, this act shall be applicable therein whenever, and only whenever, the laws of such state shall authorize the judgments and decrees of the United States courts to be registered, recorded, docketed, indexed, or otherwise conformed to the rules and requirements relating to the judgments and decrees of the courts of the state." (25 U. S. Stat. at Large, 375.)

In the case of *Savings Bank v. Bates,* supra, it was held that under this act the lien of a federal judgment extended only to lands of the judgment-debtor in the county in which the court was held, unless the judgment was docketed elsewhere in accordance with the state statute.    The judgment under which the defendant in error claims was rendered prior to the passage of the act of congress above quoted, but execution was not levied on this property until the 6th of December following, nor had any copy of the judgment entry

been filed in the office of the district clerk of Washington county. The state law requiring the docketing of judgments in counties other than where rendered is in the nature of a recording act, and for the purpose of imparting notice to persons acquiring title to the land. It is well settled that it is competent for the legislature, not only to require that instruments thereafter executed affecting the title to property shall be recorded in a particular manner, but also to require that instruments before executed shall also be so recorded, provided only a reasonable time for so doing is allowed. In *Plow Co. v. Witham*, 52 Kas. 185, it was held that—

"Chapter 255, Laws of 1889, regulating the recording of title notes, or evidences of conditional sales, applies to all instruments in writing, or promissory notes therein referred to, whether in existence at the time that act went into force, or thereafter executed, with the limitation, however, that there must be a reasonable time after the statute went into force for the holders of such notes or instruments then in existence to comply with its provisions."

See, also, *Jackson v. Lamphire*, 3 Pet. 280 ; *Burnes v. Simpson*, 9 Kas. 658.

The statute of this state can have none the less force because passed long prior to the act of congress. In the most favorable view to the defendant in error both acts must be treated as having been in full force and effect on the 1st of August, 1888. As the law stood then, and ever since, it was necessary in order to make a judgment of the United States circuit court a lien on the lands of the judgment-debtor, prior to actual levy, that a copy of the journal entry should be filed with the clerk of the district court of Washington county. This was not done, and the land was not actually seized by the marshal until December 6, more

than four months after the passage of the act of congress. We are clearly of the opinion that this afforded more than ample time for compliance with the state statute, and that the lien of the federal judgment, if it ever had any (as to which we express no opinion), was lost before the execution was levied. It follows, therefore, that the court erred in holding that the plaintiff had no lien on the property in controversy.

1. Judgment-lien—journal entry filed too late.

The judgment will be reversed, and the case remanded for further proceedings in accordance with the views above expressed.

JOHNSTON, J., concurring.

HORTON, C. J., not sitting.