THE CONSOLIDATED BARB WIRE COMPANY V. W. H. STEVENSON.

No. 13,996.    (79 Pac. 1085.)

SYLLABUS BY THE COURT.

1. STATUTORY CONSTRUCTION—*Effect of Repeal on Pending Litigation.* The repeal of a statute pending an action or legal proceeding commenced under it does not abate either. The rights of the parties thereto are preserved by subdivision 1 of section 7342, General Statutes of 1901.

2. RECEIVERS—*Statute Construed.* Under section 1302, General Statutes of 1901, before its repeal, a judgment creditor of an insolvent corporation, after the return of an execution unsatisfied, was entitled to the appointment of a receiver by application in the original action.

Error from Douglas district court; CHARLES A. SMART, judge. Opinion filed March 11, 1905. Affirmed.

*W. W. Nevison,* and. *George J. Barker,* for plaintiff in error.

*R. E. Melvin,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: The Consolidated Barb Wire Company, plaintiff in error, was a corporation other than railway, religious, or charitable. The plaintiff obtained a judgment against it on February 15, 1900, and, after the return of an unsatisfied execution, made application to the court wherein the judgment was rendered for the appointment of a receiver. A hearing was had September 18, 1903, and E. E. Myers appointed. To reverse such order the plaintiff in error prosecutes this proceeding.

The application recited the rendition of the judgment, the issuance and return of an execution *nulla*

Wire Co. v. Stevenson.

*bona,* that the judgment was unsatisfied, and that the corporation was insolvent.

The views we entertain of the law under which the plaintiff proceeded necessarily exclude the consideration of some of the alleged errors.

The first contention of plaintiff in error is that there was no action pending when the application for the appointment, of a receiver was made. Section 1302 of the General Statutes of 1901 provides that when a judgment creditor shall have caused an execution to be issued against a corporation debtor which is returned unsatisfied for want of property, he shall be entitled to have a receiver appointed for the insolvent corporation, upon application made in the action. Therefore, where a judgment has been obtained against an insolvent corporation and an execution on such judgment returned unsatisfied, it is unnecessary to commence a new action for the purpose of having a receiver appointed. The point is made that chapter 152 of the Laws of 1903, which became a law March 17, 1903, repealed the section under which the plaintiff was proceeding, and that since the receiver was not appointed until September 18, 1903, there was no law authorizing such appointment and the attempted appointment was void. In the argument of this question counsel have overlooked subdivision 1 of section 7342, General Statutes of 1901, which reads:

"The repeal of a statute does not revive a statute previously repealed, nor does such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed. The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such provisions, and not as a new enactment."

By the provisions of this section the rights of the plaintiff, whatever they were under the law in ex-

5—71 KAN.

istence at the time he made the application, are preserved to him. (*The State v. Boyle,* 10 Kan. 113; *Morgan v. Chapple,* 10 id. 216, 224; *Gilleland v. Schuyler,* 9 id. 569.)

Plaintiff in error also contends that the defendant had no notice of the application for the appointment of a receiver. The statute under which the proceeding was had does not in terms require a notice to be given to the corporation, and it is doubtful if any notice was necessary. In *Elwood v. National Bank,* 41 Kan. 475, 478, 21 Pac. 673, 674, upon a motion to discharge a receiver because appointed without notice, it was said that "a receiver may be appointed without notice, although generally such a thing should not be done." In the present case, as in that, the defendant was present when the hearing upon the application was had, and made a general appearance, and contested in every way possible the appointment of the receiver.

The last contention that deserves consideration is that the application for the appointment shows defendant insolvent, and, therefore, no purpose could be subserved by the appointment of a receiver. The corporation must be insolvent before a receiver can be appointed under this statute. That a corporation is insolvent is not conclusive that there are no assets which may be applied to the payment of its debts. It is the duty of the receiver immediately to institute proceedings against all stockholders to collect any unpaid subscription, together with an additional liability equal to the par value of the stock held by each. This latter item was, by section 1315, General Statutes of 1901, made an asset of the corporation.

The proceedings had below were regular, and the appointment of a receiver authorized by statute.

The judgment is affirmed.

All the Justices concurring.