S. F. BROADIE, *Appellee,* v. C. W. CARSON, *Appellant.*

No. 16,238.

SYLLABUS BY THE COURT.

1. SCHOOL LAND — *Forfeiture* — *Evidence.* The return made by the sheriff upon a notice of a proposed forfeiture of a school-land contract was incomplete and insufficient, but under the provisions of chapter 373 of the Laws of 1907 proof was received that the words "Cancelled, December 23, 1895," were written across the record of the school-land sale and parol proof was admitted showing that legal service of the notice had been actually made. *Held,* that the proof was properly received and that it was sufficient to show a valid forfeiture.

2. ——— *Second Purchaser Not Required to Pay Original Purchaser Amount Expended.* One who purchases forfeited school land and brings his action to quiet his title as against those holding under the original purchaser is not required by any rule of equity to pay to the original purchaser or his assignee the amount paid to the state by him upon the original purchase.

3. EVIDENCE—*Trial to the Court—Presumption on Review.* In a case tried before the court, where incompetent testimony is tentatively received subject to reconsideration when the case is finally decided, the presumption must be that the court ignored all evidence to the introduction of which objections should have been sustained.

Appeal from Clark district court; GORDON L. FINLEY, judge. Opinion filed January 8, 1910. Affirmed.

*Francis C. Price,* for the appellant.

*Wilber E. Broadie,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by S. F. Broadie against C. W. Carson to quiet the title of the former in eighty acres of what is called school land. Carson claimed title to the land by reason of a purchase under a school-land contract made in 1885 with a party under whom he now holds. The original pur-

chaser from the state made a partial payment of the purchase price, and he and the several assignees holding under him paid the annual interest on the balance of the purchase price until 1893. That year the interest was not paid, and steps were then taken to forfeit all rights under the purchase because of the default. In March, 1906, Broadie purchased the land from the state and a certificate of purchase was issued to him on the theory that the land had been duly forfeited. The following December Carson procured an assignment of the original certificate of purchase, and in January, 1907, completed payment of the purchase price and interest on the forfeited contract, and a patent was issued by the state to him, for which he paid the sum of $423.74. The controversy between the parties therefore depends upon the validity of the forfeiture proceedings. That there was default in the payment of interest is not denied. It is also conceded that the record of the proceedings taken to forfeit the rights of the original purchaser were incomplete and insufficient. The return of the sheriff on the notice to the purchaser and those holding under him failed to show that the notice was delivered to the purchaser or to anyone in possession of the land, or that the purchaser could not be found, and it did not state that the notice was posted in a conspicuous place in the office of the county clerk. To meet this defect Broadie availed himself of the provisions of sections 1 and 2 of chapter 373 of the Laws of 1907 and produced proof showing that there was written across the record of school-land sales the statement, "Cancelled, December 23, 1895." In section 1 of the act referred to it is provided that "every entry upon the said record of the county clerk as 'cancelled,' 'forfeited,' 'reverted to state,' 'state' and the like, with or without date, shall be held to be an entry indicating that the interest of the purchaser had been forfeited." In addition to the *prima facie* case made by the introduction of the record under the statute mentioned, parol

evidence was introduced showing that there had been a substantial compliance with the statutory provisions respecting the service of notice, and this, in connection with the record proof, was amply sufficient to show that the rights of the original purchaser had been duly forfeited. The validity of the statute under which this proof was admitted was determined in *Jones v. Hickey*, 80 Kan. 109, in which it was held that it was competent for the legislature to provide what shall be *prima facie* evidence of service of notice and that this provision of the act is not objectionable on the ground that it disturbs vested rights. In that case, as well as in *Reitler v. Harris*, 80 Kan. 148, the act was interpreted, and its application to a state of facts such as is presented in this case was demonstrated.

Objection is made to testimony to the effect that Carson attended the sale and witnessed the purchase of the land by Broadie. Estoppel was not pleaded by Broadie, and it is therefore contended that testimony of this character was not admissible. The extent of the testimony was a statement by a witness that Carson was present in the courthouse when the bidding was going on and saw the land sold to Broadie. While the court allowed the testimony to be received, it stated that its admissibility was questionable and it would later determine whether it should be considered. The appellee asserts that the court based its decision upon other and wholly different grounds, and that this is manifest from its written opinion. That opinion is not in the abstract. The evidence, however, was only admitted tentatively, and, the case being before the court alone, it must be presumed that the court ignored all evidence to which objections should have been sustained. (*Lee v. Railway Co.*, 67 Kan. 402; *Olathe v. Cosgrove*, 71 Kan. 885; *McCready v. Crane*, 74 Kan. 710.)

There is a further contention that equity requires that Broadie should have paid or restored to Carson the purchase price which he paid for the land on the for-

feited contract. There was no contract relation between Broadie and Carson. Broadie is in no sense responsible for the action of the state in accepting Carson's money on the contract which had been forfeited. There are good reasons why the state should restore the money received from appellant and for which it gave nothing in return, but Broadie paid for all he got and owes no obligation to Carson.

The judgment of the district court is affirmed.