J. M. DAVIS, *Plaintiff,* v. JAMES M. NATION, *as Auditor, etc., Defendant.*

No. 16,366.

### SYLLABUS BY THE COURT.

LIMITATION OF ACTIONS—*Purchaser of School Land—Validity of Statute.* Section 4 of chapter 373 of the Laws of 1907 (Gen. Stat. 1909, § 7695), providing that no action shall be brought by any purchaser of school land or by his assignee to enforce his right to an interest therein unless the same be brought within six months from the time the act takes effect, is not unconstitutional on the ground that it fails to give a reasonable time within which to begin such action.

Original proceeding in mandamus.   Opinion filed May 7, 1910,   Writ denied.

*Richard E. Bird,* for the plaintiff.

*Fred S. Jackson,* attorney-general, *John Marshall,* assistant attorney-general, and *Charles D. Shukers,* special assistant attorney-general, for the defendant.

The opinion of the court was delivered by

PORTER, J.: This is an original proceeding in mandamus to compel the state auditor to issue patents to certain school land in Meade county. J. M. Davis, the plaintiff, is an assignee of the original purchasers, and has paid the full amount due on the original contracts. The auditor refuses to issue the patents because it is claimed that the rights of the original purchasers, through whom the plaintiff claims, were forfeited for

the nonpayment of interest. He sets up as a further defense that the action is barred by the limitations of the law of 1907. In our opinion the action is barred by the limitations contained in section 4 of chapter 373 of the Laws of 1907 (Gen. Stat. 1909, § 7695), which reads:

"No action shall be brought by any purchaser of school land, or by the assignee of such purchaser, in any court of this state, to recover any tract of school land, or to enforce the purchaser's right to or interest in the same, when a forfeiture thereof has been declared, unless such action be commenced within six months after such forfeiture was declared, or, when such time has already elapsed, within six months after this act takes effect."

The act took effect January 25, 1907, and this action was not commenced until more than six months thereafter. The plaintiff questions the constitutionality of the act, and claims that it infringes on his vested rights because it fails to give a reasonable time within which to begin his action. The plaintiff does not indicate what he would regard as a reasonable limitation, and cites no cases in support of his claim that six months is unreasonable. We have no hesitation in declaring that a six months' period, allowed by the act, is a reasonable limitation. (*Plow Co. v. Witham,* 52 Kan. 185, 192; *National Bank v. Clark,* 55 Kan. 219, 224.) This is an action brought by the assignee of a purchaser of school land to enforce his interest in the same, and, therefore, comes within the limitation.

The only remaining question is whether a forfeiture of the school land had been declared. The evidence shows that there was an attempted forfeiture. The tax rolls in the treasurer's office showed the land to be forfeited and not subject to taxation; and the former sheriff testified that he served notices of default for nonpayment of interest, although if a return in writing was ever made it was not filed in the office

of the county clerk. This, with the other evidence showing that patents had been issued to the purchasers, was sufficient evidence that a forfeiture had been declared. It must be observed that the question of the validity of the forfeiture proceedings is not involved. That is the question which the plaintiff is barred from litigating. Since the action can not be maintained because of the limitation of the act of 1907, the writ is denied.