H. C. MAYSE, *Appellant, v.* JEROME BELT *et al.,* *Appellees.*

No. 16,819.

SYLLABUS BY THE COURT.

SCHOOL LAND—*Recovery after Forfeiture—Limitation of Actions.* Section 4 of chapter 373 of the Laws of 1907, limiting the time within which a purchaser of school land or the assignee of such a purchaser may bring an action to recover school land, or to enforce his right to or interest in the same, when a forfeiture thereof has occurred, was intended to apply only in cases where there has been an attempt to forfeit the right of an original purchaser and the land has been sold to a new purchaser.

Appeal from Clark district court. Opinion filed January 7, 1911. Reversed.

*Robert C. Mayse,* and *W. W. Harvey,* for the appellant; *H. J. Bone,* of counsel.

*Jay T. Botts,* for the appellees.

The opinion of the court was delivered by

BURCH, J.: This appeal was taken from a judgment adverse to the plaintiff in an action of ejectment. The land in controversy was school land. It was sold in 1885 and a certificate of purchase was duly issued to

the purchaser. In 1894 it was sold at tax sale to the county, for the delinquent taxes of 1893. In 1895 a notice of forfeiture was issued and returned, and the record of sale was marked "canceled." After that the land was taken from the tax roll, and it was leased by the state from time to time, the last lease expiring April 5, 1907. On February 26, 1907, the plaintiff took an assignment of the tax-sale certificate, took out a tax deed, and paid to the state the entire sum due on the certificate of purchase. The record was indorsed "sold to H. E. Mayse," and on July 20, 1907, he received a patent from the state. On April 6, 1907, the defendants settled on the land, and on December 30 of the same year petitioned for its sale. On January 17, 1908, the plaintiff brought his suit. At the trial the court held that relief was barred by the limitation contained in section 4 of chapter 373 of the Laws of 1907, which took effect on January 25, 1907, and which reads as follows:

"No action shall be brought by any purchaser of school land, or by the assignee of such purchaser, in any court of this state, to recover any tract of school land, or to enforce the purchaser's right to or interest in the same, when a forfeiture thereof has been declared, unless such action be commenced within six months after such forfeiture was declared, or, when such time has already elapsed, within six months after this act takes effect." (Gen. Stat. 1909, § 7695.)

The preamble of the act states that the mischief to be remedied was the prejudice to the rights of new purchasers of school land, arising from incomplete, defective and lost records of forfeitures of the rights of previous purchasers. Whenever in the body of the act, as in sections 1 and 3, the phraseology adopted naturally led to a repetition of the limitations expressed in the preamble, they were inserted. The act closes with an interpretative provision which, like the preamble, states that its purpose is to afford pro-

tection in cases where there has been a forfeiture and a resale. It reads as follows:

"It being the intention of this act, as far as legally may be, to protect all purchasers and settlers of school lands from the claims of prior purchasers whose interests have been declared forfeited and the lands again sold to other persons, and to that end the provisions of this act shall be liberally construed." (Laws 1907, ch. 373, § 5, Gen. Stat. 1909, § 7696.)

True, the word "settlers" appears in this section, for the first and only time in the act, but the subsequent language restricts the application of the term to settlers claiming under a resale.

In the case of *Jones v. Hickey,* 80 Kan. 109, the court was obliged to consider the whole act in order to interpret certain of its provisions. The conclusion was expressed as follows:

"A consideration of the entire chapter makes it apparent that it was intended to apply only in cases where there had been an attempt to forfeit the rights of the original purchaser and the land had been sold to a new purchaser." (p. 113.)

Taking into account the history of the act, the well-known evils which it was designed to remedy, the preamble, the body of the measure, and the concluding exposition of its purpose, the court is satisfied that this is a correct statement of the legislative intent, and the general language of section 4 must be restrained accordingly.

If the argument of the defendants were sound, the plaintiff would have no remedy whatever against any intruder who might now, or years from now, settle on the land. More than six months having elapsed from the time the statute of 1907 took effect, an action of ejectment could not be supported by title derived through the forfeited certificate of purchase. The act was designed to promote justice and not to license spoliation.

The abstract recites that the parties are able to agree

on the amount of the plaintiff's damages should he recover. The judgment is reversed and the cause is remanded, with direction to render judgment for the plaintiff for possession and damages.