H. C. MAYSE, *Appellant*, v. JEROME BELT *et al.*,
*Appellees*.

No. 16,819.

SYLLABUS BY THE COURT.

SCHOOL LAND—*Forfeiture Waived—Patentee's Rights Superior
to Those of Subsequent Settler*. In 1885 school land was duly
sold and a certificate of purchase issued. In 1894 the land
was sold to the county for taxes. In 1895 a notice of for-
feiture of the certificate holder's rights was issued and served,
and the record of sale was marked "canceled." After that
the land was taken from the tax roll, and from time to time
was leased, the last lease expiring April 5, 1907. On Febru-
ary 26, 1907, the appellant took an assignment of the tax-
sale certificate, took out a tax deed, paid the state the entire
sum due it on the certificate of purchase, and became entitled
to a patent, which was issued to him on July 20, 1907. On
April 6, 1907, the appellee settled on the land, and on De-
cember 30, 1907, petitioned for its sale. *Held*, in accordance
with *Baker v. Newland*, 25 Kan. 25, that the appellee has no
standing to question the appellant's title.

Appeal from Clark district court. Opinion denying
a rehearing, filed March 11, 1911. (For original opin-
ion, see 83 Kan. 746.)

*Robert C. Mayse*, and *W. W. Harvey*, for the ap-
pellant; *H. J. Bone*, of counsel.

*Jay T. Botts*, for the appellees.

The opinion of the court was delivered by

BURCH, J.: A statement of the facts appears in the
former opinion (*Mayse v. Belt*, 83 Kan. 746). In a
petition for a rehearing it is urged that the· interpre-
tation there given section 4 of chapter 373 of the Laws
of 1907 (Gen. Stat. 1909, § 7695), limiting the time
within which actions may be brought to enforce the
rights of school-land purchasers, is inconsistent with
the decision in the case of *Davis v. Nation*, 82 Kan.
410, and it is further urged that the appellant ought
not to recover because he has no title.

In the case of *Davis v. Nation* the principal question was whether the statute referred to is constitutional. The syllabus of the decision is limited to that subject, and because of its overshadowing importance a full statement of all the facts of the controversy was not embodied in the opinion. Had this been done, it would have been disclosed that the land involved had been sold to new purchasers, after attempted forfeitures, and that patents had been issued to such purchasers. Therefore there is no inconsistency between the two decisions.

With respect to the appellant's title, it may be observed that the state had the right, if it saw fit, to treat the forfeiture as an effectual termination of the rights of the certificate holder and as a restoration of the land to the public domain. But it did not do so. It chose to waive the forfeiture, to treat the certificate of purchase as still in force, and to allow the appellant, as assignee by virtue of the tax proceedings, to perform the obligation of the certificate. When he had done that he became entitled to a patent. At the time the appellant perfected his right to the land the claim of the appellee had not attached. The whole matter was one between the appellant and the state, and the decision in the case of *Baker v. Newland*, 25 Kan. 25, is controlling. In the opinion delivered in that case it was said:

"It is generally true that one in whose favor a forfeiture exists may waive it. The state was the party entitled to the benefit of this forfeiture. No one else could claim its benefits. If, notwithstanding, it receives full payment of the purchase price and gives a patent, it does not lie in the power of any individual to question that title. Doubtless many instances will be found in the history of this state in which purchasers of school lands have failed to make their payments on the very day. Technically and strictly, such failure worked a forfeiture. But if, notwithstanding, thereafter such purchasers completed their payments and received patents, we suppose that their title is

safe; certainly as against anyone but the state, and probably as against it." (p. 34.)

It is said that the decision in *Baker v. Newland* ought not to apply, because the forfeiture statute then in force did not require action on the part of the county officials, but was self-executing. It would seem, however, that the state might waive forfeiture proceedings depending on the conduct of fallible individuals much more readily than statutory forfeitures. It is conceded, as of course it must be, that the ministerial act of issuing the patent was not important. The cases of *Reitler v. Harris*, 80 Kan. 148, and *Broadie v. Carson*, 81 Kan. 467, are not pertinent, because in each the second purchaser's interest attached before the right to a patent accrued.

The petition for a rehearing is denied.