No. 18,650.

R. F. MATKIN, *Appellee,* v. J. A. VICKERS, *Appellant.*

SYLLABUS BY THE COURT.

SCHOOL LAND—*State May Waive Forfeiture of Certificate— Third Person Can Not Complain.* The doctrine of the case of *Baker v. Newland,* 25 Kan. 25, that the state may waive forfeiture of a certificate of purchase of school land and third persons can not complain of the waiver, extended to cover a case in which default was occasioned by misinformation given the certificate holder by the county treasurer as to when payment could be made, and the third person settled on the land before the state accepted payment of the delinquent installment.

Appeal from Seward district court; WILLIAM H. THOMPSON, judge. Opinion filed May 9, 1914. Affirmed.

*Solon W. Smith,* of Oklahoma City, Okla, and *S. N. Hawkes,* of Stockton, for the appellant.

*V. H. Grinstead, A. C. Scates,* and *F. S. Macy,* all of Liberal, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The plaintiff was the holder of a certificate of purchase of the school land in controversy. An installment of the certificate was due on December 18, 1911, and under the statute failure to pay within ten months thereafter forfeited the plaintiff's right to the

Matkin v. Vickers.

land. The plaintiff had contracted to sell the land to another, and looking to a consummation of the transaction the certificate of purchase was deposited in a bank at Liberal. Not having the certificate before him and not remembering the precise date when the installment was due, the plaintiff in March, 1912, went to the office of the county treasurer for information, and was told by the treasurer that nothing would be due until fall. In August, 1912, the plaintiff again went to the office of the county treasurer with money to pay the installment and for the purpose of doing so. He informed the treasurer of his intention and desire and offered to make the payment required by the certificate. After an investigation of the record in the county clerk's office the treasurer told him nothing would be due for two or three months, and for this reason only a formal tender of cash was not made. Within the time indicated by the treasurer, but after October 18, the day the ten months' grace expired, the plaintiff paid the installment. The receipt was duly signed by the county treasurer and countersigned by the county clerk. On October 19 the defendant settled on the land. In an action of ejectment the plaintiff recovered, and the defendant appeals.

The plaintiff was prevented from making payment in time by the mistake of the county treasurer. The evidence does not disclose the cause of the mistake. It may have arisen from the manner in which the record was kept. On the trial of the case the treasurer testified that he examined the school-land record in the county clerk's office, and with the book before him became of the opinion that nothing would be due for about two months. In any event the plaintiff was deceived by the misinformation given him by the agent of the state to receive his money.

For public reasons the state itself could not be prejudiced or estopped to assert title because of the neglect or fault of its officer. It could, however, upon

satisfaction of its just and equitable demands, waive the forfeiture even if it had been occasioned by the fault of the plaintiff, and *a fortiori* it could waive the forfeiture when not to do so would be to take advantage of a constructive fraud resulting from the act of its agent. When the state chooses to waive a forfeiture, even although it be one arising *ipso facto* upon failure to pay in time, third persons can not complain. (*Baker v. Newland,* 25 Kan. 25; *Mayse v. Belt,* 84 Kan. 211, 114 Pac. 232.)

In the cases just cited the claims of third persons had not attached when the waiver occurred. In this case the defendant did not by his settlement acquire a vested right to the land as against the state. It could still dispose of the land to another without injury in law to him, and it still had power to do the conscionable thing by the plaintiff.

Under the circumstances of this case it is held that the state could and did waive, as against the defendant, the forfeiture of the plaintiff's certificate of purchase by the subsequent acceptance of his money according to the honest understanding of the treasurer and of the plaintiff, who relied on the treasurer's advice, as to when the payment was due.

The general finding for the plaintiff requires that the evidence be interpreted favorably to him. Some minor questions are presented for consideration, but the foregoing disposes of the merits of the controversy.

The judgment of the district court is affirmed.