No. 22,856.

S. F. NEWLON, *Plaintiff*, v. HENRY J. ALLEN, as Governor, and FRED W. KNAPP, as State Auditor, etc., *Defendants*.

SYLLABUS BY THE COURT.

SCHOOL LANDS—*Clerical Error in Original Patent—Correction Ordered.* It is the duty of the officers of the state having charge of the issuance of school-land patents to execute, on proper application and showing, a patent of correction to free the title of the owner of school land from the difficulty arising from a clerical error in the issuance of the original patent.

Original proceeding in mandamus. Opinion filed March 6, 1920. Writ suggested.

*Bennett R. Wheeler, S. M. Brewster,* and *John L. Hunt,* all of Topeka, for the plaintiff.

*Richard J. Hopkins,* attorney-general, for the defendant.

The opinion of the court was delivered by

WEST, J.: This action was brought by S. F. Newlon, owner of the east half of the northwest quarter of section sixteen (16), township two (2) south, range eighteen (18), Brown county, Kansas, to procure the issuance of a corrected patent for this tract, originally school land.

In 1879, this land was patented as lots three (3) and four (4) of the northwest quarter of section sixteen (16).

The defendants in their answer admit that the land as last above described constitutes the east half of the northwest quarter of the section in question and is so described on the government plat, and express their willingness to issue the corrected patent applied for if they have the authority so to do.

When the state enters the realm of business it should transact it on business principles, including that freedom from technicalities which is observed by the business world. No possible reason suggests itself why the owner of the land in question should have his title injuriously affected by a clerical error so easily correctible.

"As already seen, a state may, in the absence of constitutional restrictions, dispose of its property like any other owner, and when act-

ing not in its capacity as a soverign, but in its proprietary capacity as the owner of the lands, it is bound by the same rules as those which it applies to its citizens.

"A state entering into contracts lays aside its attributes of sovereignty, and binds itself substantially as one of its citizens does when he enters into a contract, and, in general, its contracts are interpreted as the contracts of individuals are, and controlled by the same laws." (25 R. C. L. §§ 23, 25.)

In *Mayse v. Belt*, 84 Kan. 211, 114 Pac. 232, the state was held liable for waiver of forfeiture of a school-land certificate the same as a private party might have been.

Feeling assured that the governor and auditor will execute the proper patent, we deem it unnecessary at this time to allow the writ prayed for.