No. 27,928.

LULU SERRAULT et al., *Appellees*, v. MATT PRICE et al., *Appellants*.

(265 Pac. 63.)

SYLLABUS BY THE COURT.

WILLS—*Actions to Contest—Effect of New Enactment on Limitation of Time.* The amendment and repeal of R. S. 22-222 of 1923 by chapter 160 of the Laws of 1925, reducing the time within which an action to contest a will may be brought from two years to one year and eliminating entirely the retrospective clause which was in the former law, does not in any way deprive interested parties of the rights which accrued to them under the old law in force when the will was probated.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed March 10, 1928. Affirmed.

*David Ritchie*, of Salina, for the appellants.

*Z. C. Millikin*, of Salina, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This case was commenced in the district court of Saline county on September 1, 1926, to contest the will of Ellen A. Price, deceased. The demurrer of the defendants to the petition was overruled. Issues were joined by filing answer and reply. Trial was had, findings of fact and conclusions of law were made by the trial court, and judgment was rendered in favor of plaintiffs, setting aside the will on account of incapacity of testatrix and undue influence. Defendants appeal.

Appellants present only one question and that, in the language of the appellants, is "whether or not the appellees had the right to maintain this action at the time it was brought." This involves the construction of R. S. 22-222 and chapter 160 of the Laws of 1925. These laws are as follows:

Wills, 40 Cyc. p. 1257 n. 22.

"If no person interested, or claiming to be interested, shall appear within two years from the time of the making of any order by a probate court, probating or refusing to probate the will and contest the same, such order shall be forever binding, saving, however, to persons under legal disability, the period of two years after such disability is removed. *The provisions of this act shall apply to any order of the court probating or refusing to probate the will, made at any time within two years prior to the taking effect of this act:* Provided, however, That no proceedings to contest or set aside such order of the probate court shall affect the rights of innocent parties who have acquired title to property under the laws as they existed prior to the passage of this act." (R. S. 22-222.)

"SECTION 1. That section 22-222 of the Revised Statutes of Kansas of 1923 be and the same is amended to read as follows: Sec. 22-222. If no person interested or claiming to be interested shall appear within one year from the time of the making of any order by a probate court, probating or refusing to probate the will and contest the same, such order shall be forever binding, saving, however, to persons under legal disability, the period of one year after such disability is removed: *Provided,* That no proceedings to contest or set aside such order of the probate court shall affect the rights of innocent parties who have acquired title to property from the heirs, legatees or devisees, directly or indirectly, after the one year above provided shall have elapsed without the filing of any such contest.

"SEC. 2.  .  .  .  *Provided,* That this act shall not apply to any action or proceeding now pending." (Laws of 1925, ch. 160.)

By the act of 1925 the former law was repealed by specific reference thereto. It will be readily observed by a comparison that the important change effected by the amendment is the reduction of the period of time within which a contest can be commenced from two years to one year. The change in the language at the close of these two sections will not concern us in this action; however, we will need to observe and consider the effect of the omission of the short sentence in italics in the middle of the old section from the section as amended.

The will in this case was made and executed June 23, 1917. The testatrix died August 23, 1924. The will was probated September 12, 1924. The act of 1925 amending and repealing the old law was approved February 20, 1925. It took effect by being published in the statute book as chapter 160 of the Laws of 1925, May 28, 1925. This action was commenced September 1, 1926.

Among the reasons assigned and argued by the appellants why this action has not been commenced within the time prescribed by statute are, first, that the act of 1925, like the former ones along

the same line, is a statute of limitations; second, that it is a continuing statute instead of a new enactment; third, that it is prospective only and not retrospective; fourth, that it repeals the old law and therefore leaves no further rights or privileges thereunder; fifth, that the only sustaining power left for prior matters is in section 2 of the new act to the effect that the act shall not apply to any action or proceeding now pending, and it is argued that the probating of the will is not an action or proceeding as contemplated by the law. From these principles appellants argue that this action might have been properly commenced, first, within the period between the date of the approval of the new law, February 20, 1925, and the date it took effect, May 28, 1925 or, second, within one year from the date the will was probated, which would be September 12, 1925; or, third, within one year from the date the law took effect, which would be May 28, 1926. If any of these rules control, then this action, being commenced September 1, 1926, was brought too late. The first subdivision of R. S. 77-201, declaring the Kansas rules for construing laws, is as follows:

"The repeal of a statute does not revive a statute previously repealed, nor does such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed. The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such provisions, and not as a new enactment."

The last clause may be considered first in this connection and we may very properly conclude that the act of 1925 under consideration is a continuation of a prior statute, except where expressly changed, rather than a new enactment. This conclusion is in harmony with the history of the legislation in Kansas on this subject. Ever since 1868 there has been a law in Kansas authorizing the contest of a will within a limited time after the will was probated. At first it was within two years. This law continued in force until 1907, when the time was changed to three years. In 1917 it was again changed to two years, and this is the law set out above as R. S. 22-222. This law continued until 1925, when the time was reduced to one year. So we have had a continuing law of this character since 1868 without any substantial change in it except the length of time allowed to commence the action. While it has been frequently held that a statute of limitations can be changed by the

legislature extending or cutting off time for bringing an action (*Mil-bourne v. Kelley*, 93 Kan. 753, 145 Pac. 816), the act here in question is more than a statute of limitations. It was held in *Medill v. Snyder*, 71 Kan. 590, 599, 81 Pac. 216, that this statute was not a mere statute of limitations but one that concerns itself with a number of creative and regulatory matters of jurisdiction and procedure in relation to wills and rights and privileges thereunder; that it was not subject to the same rules that governed the changing of time limitations in statutes that are mere limitations. It carries a right to invoke jurisdiction, and the right thus granted and the conditions imposed go together.

There is no question about this law being naturally and properly prospective rather than retrospective in its application.

"Generally, a statute will be construed as applying to conditions that may arise in the future. An act will not be given a retrospective operation unless the intention of the legislature that it shall so operate is unequivocally expressed." (*Douglas County v. Woodward*, 73 Kan. 238, syl. ¶ 1, 84 Pac. 1028.)

"The general rule is that statutes are to be interpreted as operating on cases or rights which arise after the statutes are enacted, and are not to be construed as operating retrospectively or as authorizing an interference with existing rights or cases unless the intention to so operate is expressly declared." (*Bailey v. Baldwin City*, 119 Kan. 605, 607, 240 Pac. 852.)

This brings us to the consideration of the omission from the new law of the sentence in italics in the old law. That was distinctively retrospective, and because it is omitted from the new law and because the new law repealed the old law the appellants argue that there is no provision in force applying to wills probated prior to the enactment of the new law, unless it is found within the prospective provisions of the new law or the exception in the second section concerning actions and proceedings "now pending." We have said this privilege of contesting wills is and has been under and by virtue of continuing acts. It has not been intermittent or subject to interruptions by amendments and repeals. Until the last enactment there was no change except that of time in which to commence the action —each naming a retrospective limitation in addition to the prospective—but rights that have been acquired under existing laws are not lost by amendment or repeal of such laws, even without retrospective legislation. This is specifically stated in the Kansas rules of construction above quoted as follows: "Nor does such repeal affect any right which accrued   .   .   .   under or by virtue of the

statute repealed." When the will in this case was probated on September 12, 1924, all interested parties had two years within which to contest the will under the then existing law. That was an accrued right the day the will was probated and no subsequent amendment or repeal of the law could deprive them of that right.

"When the judgment had been rendered and the insolvency of the corporation had been demonstrated by the issuance and return of an execution *nulla bona* a right at once accrued to its owner, under the existing statute, not only to have a receiver appointed for the corporation, but by this means to enforce the stockholder's liability to him. This right by the terms of the statute quoted survived the repeal, although no proceeding had been begun to assert it." (*Henley v. Myers*, 76 Kan. 723, 732, 93 Pac. 168, 173. See, also, *Wire Co. v. Stevenson*, 71 Kan. 64, 79 Pac. 1085; *In re Moseley's Estate*, 100 Kan. 495, 164 Pac. 1073.)

We quote at length from the opinion of a case in this court involving the change in this law made in 1917 reducing the period from three years to two years, which covers the same points raised in this case, and it is interesting to observe that the retrospective clause then in that law did not control the rights of litigants by attempting to limit the contest privilege to wills that were probated within two years prior to the taking effect of the new law, but the court held that contestants were entitled to three years after the date the will was probated, regardless of the retrospective provision, because the privilege of three years was an accrued right existing at the time the will was probated.

"The right to challenge the validity of the will by an independent action in the district court . . . existed solely by reason of the statute. The requirement that such an action, if maintained at all, must be begun within three years of the order of probate was not a mere statute of limitation applicable to a case of that kind; it was a condition upon which the right to bring such a proceeding was granted. . . . What the old statute gave was and what the new statute gives is, the right within a certain period after probate to bring an action to set a will aside; no right was or is given to bring such an action otherwise than within the period fixed. The right to attack the will by an action brought at a later time does not exist, and never did exist. It may be suggested that a right to contest the will involved in the present action accrued when it was probated on January 7, 1915, and survived the repeal (on May 26, 1917) of the statute granting it, because 'the repeal of a statute does not . . . affect any right which accrued' under it. . . . If such a right, which at the time of the repeal had not been acted upon, is within the protection of that rule, which is doubtful, . . . this would not save the petition, for the only right in that connection which the statute gave was to contest a will by an action brought within three years of its probate,

'and not afterwards,' and this right would avail the plaintiffs nothing, because of the expiration of that period.

"An interpretation carrying out the manifest purpose of the legislature may be arrived at by applying the rule that the provisions of a statute, so far as they are the same as those of a prior statute, shall be construed as a continuation of such provisions, and not as a new enactment, . . . a rule often recognized independently of any statute. . . . Construed according to this rule the effect of the successive enactments may be thus stated: The provision that a will may be contested by bringing an action in the district court within a fixed period has been continuously in existence since 1868. The extent of that period has varied from time to time. It was two years until March 13, 1907, when with respect to wills probated after March 13, 1904, it was changed to three years. It remained at three years until May 26, 1917, when with respect to wills probated after May 26, 1915, it was changed back to two years. The will here involved, having been admitted to probate January 7, 1915, was therefore subject to contest for only three years from that date, and the present action, begun March 8, 1920, cannot be maintained." (*Ferrier v. Ferrier*, 108 Kan. 130, 132, 193 Pac. 1071.)

Under the authority of this precedent, which covers substantially all the points in the instant case, as well as the other decisions above noted, we have no hesitation in concluding that the case at bar was commenced within the time allowed and that the demurrer to the petition was properly overruled.

The judgment of the trial court is affirmed.