No. 34,956

VIRGINIA HOLMES, *Appellee,* v. THE MILLER AMUSEMENT COMPANY, *Appellant.*

(107 P. 2d 736)

Opinion filed December 7, 1940.

*A. W. Hershberger, J. B. Patterson, Enos E. Hook* and *Pat J. Warnick,* all of Wichita, for the appellant.

*L. M. Kagey* and *Carl O. Bauman,* both of Wichita, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages alleged to have been sustained when plaintiff was entering a theater operated by defendant. Judgment was for plaintiff. Defendant appeals.

After the formal allegations, the petition alleged plaintiff bought a ticket and entered the theater and started to the balcony; that having reached the balcony she started down a flight of stairs on the east side of the building and at a point about three or five steps down she stepped into a space or hole about four or five inches wide and because of the construction of these steps fell violently down the flight of steps and was injured; that at the time the interior of the theater where plaintiff fell was dark. The petition then set out a section of an ordinance of the city as follows:

"Steps in aisles shall be the full width of the aisle. No rises [risers] shall be more than 9 inches in height and no tread shall be less than 10 inches in width, and whenever the rise of seat platforms is 4 inches or less, the floor of

the aisle shall be made as a gradient. Where steps are placed in passages they may be grouped together and shall be clearly lighted. No stool, seat, or other obstruction shall be placed in any aisle."

The petition then alleged that the ordinance was enacted in 1925, and defendants operated and maintained the theater in violation of this ordinance in that they failed to construct the steps the complete width of the aisle. The petition then set out seven specific acts of negligence on the part of defendants, that is, failing to light generally, failing to light this step, failing to provide ushers, maintaining steps irregular in shape with a hole several inches in width on the west side of each second step, contrary to the statement quoted above, failing to maintain the steps in a safe condition, failing to warn, and failing to properly inspect. The petition then alleged that one or more of the above acts of negligence or a combination of any two or more of them were the proximate cause of the plaintiff's injuries.

The answer was first a general denial and then an allegation of contributory negligence.

At the trial it was admitted that the theater was erected in 1918 and that the ordinance was passed in 1925. The ordinance, a section of which was set out in the petition, was admitted in evidence over the objection of defendant.

The plaintiff testified that after she had gone down two or three steps she stepped into a hole and fell all the way downstairs.

Another witness testified that there was a space of about four and one-half inches between some of the steps and the aisle. There was evidence on the part of defendant that the balcony was constructed so that at every other row the step approaches within about four inches of the seat.

The jury returned a verdict for plaintiff and answered special questions in part as follows:

"1. If your verdict is for the plaintiff, state fully the acts of negligence on the part of the defendant on which you base your verdict. A. Steps being shorter than aisle next to seats."

The defendant filed motions for a new trial and for judgment notwithstanding the general verdict. These were both denied and judgment was given for the plaintiff in accord with the verdict. Hence this appeal.

The first point argued by defendant is that its motion for judgment on the special findings should have been sustained. Defendant

argues that by its answer to question No. 1 the jury acquitted the defendant of all acts of negligence except the violation of the ordinance. This point is not well taken. The petition stated a good cause of action for negligence even had there been no reference to the ordinance. The ordinance added nothing to the potency of the petition. The petition contained the following allegation, among others:

"That the defendants . . . were guilty of the following acts of negligence: . . . In failing to sufficiently light the stairway. . . . In maintaining steps, irregular in shape, depth, length and width, leaving a space or hole several inches in width, on the west side of each second step, causing said steps to be irregularly and improperly constructed in the same manner as hereinabove set out, and offering the use thereof to the general public and to the invitees to said theater, and particularly this plaintiff; and contrary to the ordinance of the city of Wichita, Kan., as hereinabove set out."

The jury found that the act of negligence on the part of defendant was that the steps were shorter than the aisle next to the seats. This is something more than a finding that the ordinance had been violated. There does not seem to have been any dispute about the fact that the stairway had been constructed in such a manner that there was a space at the end of some of the steps where the step did not quite meet the floor upon which the seat was fastened. Certainly a place such as that did not afford a reasonably safe place for the patrons to step along on their way to and from the seats in the balcony. This was the duty owed plaintiff. (See 45 C. J. 823.) The jury found that the defendant had not performed this duty.

The next point argued by defendant is that the ordinance did not apply to the facts of this case and was incompetent as evidence. The ordinance was enacted in 1925. The theater was erected in 1918. The ordinance provides that—

"It shall be unlawful to build, construct, alter or repair any new or existing building unless the same shall be in conformity to the provisions hereof."

One of the provisions is that, "Steps in the aisles shall be the full width of the aisle."

Since this theater was built seven years before the ordinance was enacted, the building and construction of it was not a violation of the ordinance. There is no evidence whatever in the record that the theater had been altered or repaired since the enactment of the ordinance. Unless this ordinance is to be given a retrospective

operation, it had no bearing whatever on this action. It is never the rule to construe a statute retrospectively unless such is clearly the legislative intent. (See *Almquist v. Johnson*, 130 Kan. 417, 286 Pac. 200; also, *Douglas County v. Woodward*, 73 Kan. 238, 84 Pac. 1028, and *Serrault v. Price*, 125 Kan. 548, 265 Pac. 63.) There is no provision in this ordinance to indicate an intention on the part of the governing body of the city that it should have effect other than as to the future. Had the governing body so intended, the ordinance could have provided that no theater could be maintained or operated which did not conform to the building code. The ordinance contained no such provision, however. Clearly it had no bearing on the facts of this case and was incompetent evidence. Was the admission of it so prejudicial as to constitute reversible error? After quoting from the ordinance in question, the trial court gave the jury the following instruction:

"The last above-mentioned section is a regulation intended for the protection of patrons and all other persons attending any theater or other public place in the city of Wichita, Kan., and any violation of it is competent evidence of negligence in this suit, to be considered along with all other evidence in the case in determining whether the defendant was guilty of negligence, as charged in the petition, which caused the plaintiff's injury as therein alleged."

In that instruction the trial court told the jury in effect that they should consider the question of whether the defendants had violated the ordinance in determining whether the defendant was guilty of negligence. As a matter of fact, the sole question to be determined by the jury was whether defendant had provided plaintiff with a reasonably safe way to go to the seats in the theater. With the ordinance introduced in evidence, counsel for plaintiff would no doubt argue that the question of these steps being reasonably safe had been settled by the governing body of the city when the ordinance was passed. Under such circumstances it cannot be said that the introduction of the ordinance was not prejudicial to the rights of the defendant.

The judgment of the trial court is reversed, with directions to award defendants a new trial.